**RENGER MEMORIAL HOSPITAL,**
Appellant,

v.

**STATE of Texas, et al., Appellees.**

No. 14013.

Court of Appeals of Texas,
Austin.

June 13, 1984.

Stephen Greenberg, Martin, Cox & Greenberg, Austin, for appellant.

Jim Mattox, Atty. Gen., Lance Beversdorff, Asst. Atty. Gen., Austin, for The University of Texas.

A.J. (Joe) Saegert, Jr. James S. Frost, Threlkeld, Saegert, Kirkendall & Frost, Seguin, for Texas Lutheran College.

PHILLIPS, C.J., and POWERS and BRADY, JJ.

PHILLIPS, Chief Justice.

Renger Memorial Hospital appeals from a district court order requiring a turnover (by way of assignment) to appellees The University of Texas and Texas Lutheran College of a cause of action. We affirm.

On January 4, 1981, in this cause, the trial court rendered judgment in favor of the State of Texas and Texas Lutheran College. The following relief was granted: Renger's charter was cancelled and revoked; Renger was enjoined from doing business; judgment was rendered in the amount of approximately $200,000 (including attorney's fees); and a lien on Renger's real property was foreclosed. This judgment is not complained of here.

On March 11, 1983, under the same cause number, Texas Lutheran College filed an application for turnover against Renger pursuant to Tex.Rev.Civ.Stat.Ann. art. 3827a (Supp.1984). The University of Texas thereafter filed a petition for joinder in the application for turnover, alleging that it was part owner of the judgment previously rendered. It was asserted that the prior judgment was partially unsatisfied.

Appellees alleged that Renger owned a cause of action against Renger's former directors. It was contended that in December of 1976 these former directors voted to transfer without consideration a substantial part of Renger's assets to the Lavaca Hospital District; it was further contended that this transfer constituted "a distribution of assets other than in payment of [Renger's] debts, when [Renger] was insolvent or when such distribution would render it insolvent, or during a liquidation of [Renger] without the payment and discharge of or making adequate provision for all known debts, obligations and liabilities of [Renger]." Under Tex.Rev.Civ.Stat. Ann. art. 1396–2.26 (1980) directors are liable to a corporation for the value of assets which are in this manner distributed, to the extent that the corporate debts, obligations, and liabilities are not thereafter paid and discharged.

Appellees, in their application for turnover, prayed that Margaret Hermes, presi-

dent of Renger, be ordered to execute and deliver to appellees an assignment of the Art. 1396–2.26 cause of action. Mrs. Hermes, as President of Renger, filed a special exception to the application for turnover; therein it was alleged that the application for turnover failed to identify any asset, property, or rights subject to turnover.

■ The trial court granted the application for turnover after hearing evidence thereon. Findings of fact and conclusions of law were neither requested nor filed; therefore, the trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. 1977). All questions of fact must be presumed found in support of the judgment. *Id.*

Appellees question the authority of Mrs. Hermes, Renger's president, to file the aforementioned special exceptions and to otherwise represent Renger in this action. We need not determine whether Mrs. Hermes had authority to defend the action for Renger since we would affirm the trial court's action irrespective of this matter.

Renger does not complain of the *manner* in which the court exercised its power under Art. 3827a. In its *only* point of error Renger contends that the trial court erred in overruling its special exception and in ordering turnover for the reason that Renger possessed no cause of action against the directors and therefore possessed no property capable of being turned over.

■ Property (including present or future rights to property), not exempt from seizure for the satisfaction of liabilities, is subject to turnover under Art. 3827a. A cause of action is a property right, *Garrett v. Reno Oil Co.*, 271 S.W.2d 764 (Tex.Civ. App.1954, writ ref'd n.r.e.), and may be assigned, *Friedman v. Martini Tile & Terrazo Co.*, 298 S.W.2d 221 (Tex.Civ.App. 1957, no writ), except where such assignment is expressly prohibited by statute, *Duke v. Brookshire Grocery Co.*, 568 S.W.2d 470 (Tex.Civ.App.1978, no writ).

■ Renger asserts that creditors cannot bring an action on their own behalf under Art. 1396–2.26 and that therefore to permit them to acquire the cause of action by turnover would facilitate a circumvention of the limits of Art. 1396–2.26. *Blond v. Lighting Fixture Supply Co. v. Funk*, 392 S.W.2d 586 (Tex.Civ.App.1965, no writ) is cited in support of this assertion.

In *Blond*, the plaintiff-creditor sued a corporation and its directors on a debt owed by the corporation. The trial court entered judgment against the corporation but decreed that the creditor take nothing as to the directors. On appeal the creditor claimed that the directors were personally liable pursuant to application of Art. 2.41 of the Texas Business Corporation Act. Article 2.41 provides that directors shall be "liable to the corporation" for distribution of corporate assets in violation of the Texas Business Corporation Act.

The *Blond* court concluded that even if the facts proved would impose Art. 2.41 liability on the directors, the corporate creditor could not recover under Art. 2.41 because that statute imposes liability in favor of the corporation, not corporate creditors. However, the court was careful to note that the plaintiff sought no recovery on behalf of the corporation but rather sought recovery solely for the plaintiff's own benefit. *Blond* does not stand for the proposition that a creditor could not sue under Art. 2.41 on behalf of a corporation.

Article 1396–2.26 does not provide that the cause of action accruing thereunder is not subject to assignment nor does it provide that the cause of action is not subject to seizure for the satisfaction of corporate debts. We hold that the cause of action accruing under Art. 1396–2.26 is subject to turnover.

Renger contends that the undisputed evidence shows that the sale of corporate assets did not render the corporation insolvent and that for that reason no cause of action arose under Art. 1396–2.26. Renger relies upon an audited financial statement of Renger, dated December 31, 1976, which is contained in the record.

The record contains ample evidence to indicate that in December of 1976 Renger's

directors authorized the transfer of corporate assets, valued in excess of $800,000, and that no consideration was received by Renger pursuant to that transfer. While the financial statement dated December 31, 1976 indicates that Renger's assets exceeded its liabilities by approximately $43,000, that representation was conditioned by "Note D," contained within the financial statement. Note D reveals that a promissory note payable was not included in Renger's long-term debt computation because Renger represented that the original owner of the promissory note had forgiven the debt. Note D further reveals that the current holders of the promissory note, Texas Lutheran College and The University of Texas, disputed that the note had been forgiven. It was further disclosed that if the debt had not been forgiven the amount owed thereon, as of December 31, 1976, would have been approximately $129,000.

We hold that the December 31, 1976 financial statement constitutes some evidence, more than a scintilla, to support an implied finding that Renger was insolvent on December 31, 1976. We find that from the record as a whole the trial court could have determined that the aforementioned transfer of assets rendered Renger insolvent.

Renger contends that certain personal defenses (such as the statute of limitations) to the Art. 1396–2.26 cause of action are conclusively established by the record. We conclude that these contentions are not relevant to our review of the turnover.

The defenses raised by Renger are personal to the directors. They might or might not be pleaded and proved to bar recovery in a subsequent trial of the Art. 1396–2.26 cause of action. The personal defenses are not relevant to the determination of whether an Art. 1396–2.26 cause of action *exists;* nor may such defenses be advanced by one not in the position of debtor. *Cf. Gallaher v. American-Amicable Life Ins. Co.,* 462 S.W.2d 626 (Tex.Civ. App.1971, writ ref'd n.r.e.). Renger's point of error is overruled.

Having overruled Renger's sole point of error, we affirm the trial court's judgment.