**Jim BARLOW, Appellant,**

v.

**Candace Lee Bowers LANE, Appellee.**

**No. 10–86–217–CV.**

Court of Appeals of Texas,
Waco.

Jan. 28, 1988.

Rehearing Denied Feb. 18, 1988.

Beth Toben, Bradley J.B. Toben, Waco, for appellant.

O. Charles Buenger, III and Kathleen M. French, Olson, Stem & Buenger, Waco, for appellee.

HALL, Justice.

Appellant, an attorney, obtained a judgment against appellee for attorney's fees in the amount of $5,000. This appeal resulted from the denial of appellant's application for an order sought under the terms of V.T.C.A., Civil Practice & Remedies Code § 31.002(b)(1), that would have required appellee to turn over her monthly paychecks to the Sheriff for satisfaction of the judgment. We hold that the granting or not of the application was addressed to the sound discretion of the trial court and that the record of the case does not show an abuse of discretion.

The case is before us without a statement of facts or findings of fact by the trial court. However, the appellate record does contain appellee's deposition testimony, and both parties use the deposition in arguments in their briefs supporting their positions on appeal. It is clear to us that the parties have treated and considered the deposition testimony as being in evidence during the trial of the case and we shall so treat it. See *Newsom v. Fikes*, 153 S.W.2d 962, 963–64 (Tex.Civ.App.—Fort Worth 1941, writ ref'd w.o.m.). From this deposition and admissions in appellee's brief we glean these undisputed facts: The judgment sued on is valid and unpaid. Appellee is employed by the Waco Independent School District. Appellee does not have a checking account or savings account. The proceeds of her paychecks are used entirely to provide food, shelter, clothing and other necessities for her family.

Section 31.002 of the Civil Practice and Remedies Code provides as follows:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c) The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

(e) The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

Under the provisions of subparagraph (a)(2) of section 31.002, the judgment creditor cannot reach property that is exempt from attachment, execution, or seizure for the satisfaction of liabilities. Current wages for personal service are exempt from attachment, execution and seizure for the satisfaction of debts. V.T.C.A., Property Code § 42.001 and § 42.002(8). Current wages are also exempt from garnishment except for the enforcement of court-ordered child payments. Vernon's Ann.Tex. Const. Art. 16, § 28. Considering these exemptions, the parties raise the following questions for review: 1. Were appellee's paychecks "current wages," exempt from a turnover order? 2. If the paychecks were not exempt, was the granting or not of appellant's application for a turnover order addressed to the discretion of the court? 3. If discretionary, does the record show an abuse of discretion? We hold that the paycheck was not exempt as "current wages"; that the matter of granting appellant's application for a turnover order was addressed to the sound discretion of the court; and that the court's denial of the application was not an abuse of discretion.

◼ In *Salem v. American Bank of Commerce*, 717 S.W.2d 948 (Tex.App.—El Paso 1986, no writ), the trial court appointed a receiver and ordered the debtor to deliver his paycheck, upon receipt each payday, to the receiver to satisfy a money judgment. The Court of Appeals affirmed the turnover order, holding that when wages are paid to and received by the wage earner, they cease to be "current" wages and are not exempt from attachment, execution or seizure for the satisfaction of liabilities under section 31.002 of the Civil Practice and Remedies Code. In our case, appellee argues that according to the Official Comments under sections 3.409, 3.411 and 3.501 of the Texas Business and Commerce Code, no liability on paychecks can accrue to either the drawee bank or the employer absent presentment of the check, that only the obligation to pay the employee exists; that appellee's bare possession of her paycheck, absent presentment, did not constitute collection of her wages such that they should have lost their exemption as "current wages"; and that under this reasoning, the court in *Salem* improperly implied that wages in the form of a paycheck were not exempt as current wages. We believe the ruling in *Salem* was correct. Payment by check is generally held to be sufficient to defeat subsequent garnishment *pro tanto* as long as the check has not been dishonored, where the check was given and accepted as payment. 38 C.J.S. 304, Garnishment § 96. This rule conforms with section 3.802(a)(2) of the Texas Business and Commerce Code provision that "where an instrument is taken for an underlying obligation ... the obligation is suspended *pro tanto* until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation." Wages cease to be "current" within the meaning of our exemption laws immediately on being paid to and received by the wage earner. *Sutherland v. Young*, 292 S.W. 581, 583 (Tex.Civ.App.—Waco 1927, no writ). Appellee's wages were no longer current when she received her paycheck.

◼ Nevertheless, it is also our view and holding that the granting or not of appellant's application for the turnover order under section 31.002 was addressed to the sound discretion of the trial judge. The statute provides in subparagraph (b) that the court (1) *may* order the judgment debtor to turn over nonexempt property to a designated sheriff or constable for satisfaction of the judgment; or (2) *may* otherwise apply the property to the satisfaction of the judgment; or (3) *may* appoint a receiver with the authority to take possession of the nonexempt property toward satisfaction of the judgment. The word "may" in a statute is sometimes construed as if it were

"shall," but it is not to be denied its primary and ordinary signification as a word of permission rather than a word of command unless there is something either in the subject-matter or the context of the statute to indicate a legislative intention that it was used as a word of command. *American Mortgage Corporation v. Samuell,* 130 Tex. 107, 108 S.W.2d 193, 198–99 (1937).

The predecessor statute to section 31.002 was Vernon's Ann.Tex.Civ.St. art. 3827a. The wording of this statute was the same as section 31.002 in all respects now under consideration. In *Ex Parte Johnson,* 654 S.W.2d 415, 417 (Tex.1983), our Supreme Court, while not dealing with the question of the permissive or mandatory nature of the statute, said that the statute "authorizes" a court to issue a turnover order. The purpose of the turnover statute, as stated in the House and Senate Committee Reports was to "put a *reasonable* remedy in the hands of a diligent judgment creditor, subject to supervision of the Court." (Emphasis added). See Hittner, Texas Post–Judgment Turnover and Receivership Statutes, 45 Tex.B.J. 417 (1982). Appellant reads the phrase "entitled to aid" in subparagraph (a) of section 31.002 as creating a mandatory right to aid, rather than as a term of qualification, and the "may" provisions in subparagraph (b) as being the only discretionary part of the statute by providing optional relief that the court may grant. The statute is clearly equitable in nature, a creditor's bill, and we construe subparagraph (a) and its phrase "entitled to aid" as dealing only with qualification of a judgment creditor for aid under the statute.

■ The purpose of current wages being exempt from garnishment and execution is to protect the employee in meeting and defraying the current expenses of his living. *Bell v. Indian Live–Stock Co.,* 11 S.W. 344, 346 (Tex.1889); *Sloan v. Douglass,* 713 S.W.2d 436, 440 (Tex.App.—Fort Worth 1986, no writ). In light of the use of the permissive word "may" in section 31.-002 in setting forth relief that might be allowed a creditor by the court, and the predicate for entitlement for relief required to be proven by the judgment creditor, we cannot believe the Legislature intended to mandate relief in any case of proof of qualification by the creditor regardless of hardship resulting to the debtor. Appellee's undisputed testimony in her deposition established that her paychecks are used solely and fully to provide food, shelter and other necessities for her family. We believe the trial judge was entitled to consider these facts and decide against granting the turnover relief sought where there was no showing of wages received in excess of current living expenses. Furthermore, in light of these facts, we hold there was no abuse of discretion in the court's denial of the application.

Appellant's points and contentions are overruled. The judgment is affirmed.