Lewis BUTTLES, Appellant,

v.

Tomas NAVARRO, Appellee.

No. 04–88–00096–CV.

Court of Appeals of Texas, San Antonio.

March 22, 1989.

Lewis Buttles, San Antonio, for appellant.

Joe L. Hernandez, Hernandez & Campos, San Antonio, for appellee.

Before CADENA, C.J., and BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

Appellant successfully represented Hilda Navarro in a paternity suit against Tomas Navarro. The trial court awarded $900.00 in attorney fees to be paid to appellant by appellee. It is undisputed that the judgment remains unpaid.

Appellant, pursuant to TEX.CIV.PRAC. & REM.CODE.ANN. § 31.002 (Vernon 1986), filed an application for turnover relief seeking to compel appellee to deliver his paycheck, upon receipt from the City of San Antonio, to a receiver or officer of the court until the judgment is satisfied. The trial court held that the paycheck continues to be exempt property even when in the sole possession of the respondent and, accordingly, denied the turnover relief.

By three points of error, appellant challenges the trial court's conclusion. Since all three points of error raise the same issue of when current wages cease to be exempt, we will address them as one point of error.

■ Current wages for personal service are exempt from attachment, execution and seizure for the satisfaction of debts. TEX. PROP.CODE ANN. §§ 42.001, 42.002(8) (Vernon 1984). Appellant relies upon *Barlow v. Lane*, 745 S.W.2d 451 (Tex.App.— Waco 1988, writ denied), *Salem v. American Bank of Commerce*, 717 S.W.2d 948 (Tex.App.—El Paso 1986, no writ) and *Sloan v. Douglass*, 713 S.W.2d 436 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) to support the proposition that wages received by a judgment debtor are no longer

exempt. We agree. We must go further in our analysis, however, and look at the facts of each particular case.

In *Barlow*, the trial court declined to grant the turnover relief. The court of appeals held that the paycheck was not exempt as "current wages" and that the denial of the application for turnover relief was not an abuse of discretion. *Barlow*, 745 S.W.2d at 453.

In *Salem*, the trial court did grant a turnover order requiring the debtor to deliver his paycheck, upon receipt, to a court appointed receiver. This action by the trial court was affirmed by the court of appeals.

*Sloan* involved deferred compensation that was still in the control of the employer. The trial court was held not to have abused its discretion in declining to require a turnover of the deferred income.

■ We hold that whether or not to grant an application for a turnover order under § 31.002 is addressed to the sound discretion of the trial judge. The statute provides:

(b) The court *may*:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. (emphasis added).

Ordinarily, the word "may" is a word of permission rather than a word of command unless there is something in the subject matter or the context of the statute to indicate a legislative intent that it was used as a word of command. *American Mortgage Corp. v. Samuell*, 130 Tex. 107, 108 S.W.2d 193, 198–99 (1937).

■ Even though the trial court erroneously concluded that the paycheck, when

received by the employee, is exempt property, the appellate court is not bound by the reason given by the trial court in support of its judgment if the judgment is sustainable for any reason. *Trigg v. Blakemore*, 387 S.W.2d 465, 468 (Tex.Civ. App.—Austin 1965, writ ref'd n.r.e.).

We hold that appellant has not shown that the trial court abused its discretion in refusing to grant the turnover relief.

The judgment is affirmed.