**COMMERCE SAVINGS ASSOC., Appellant,**

v.

**Danny F. WELCH, Appellee.**

**No. 04–89–00199–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 20, 1989.

Rehearing Denied Feb. 1, 1990.

Rand J. Riklin, James W. Myart, Jr., Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellant.

Thomas D. Bracey, Sue T. Bentch, Thomas D. Bracey & Associates, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

BIERY, Justice.

Commerce Savings Association, appellant, attempted a novel strategy which, if successful, would allow it to extinguish a

cause of action against it by a plaintiff who happens to be a judgment debtor in an unrelated action. We affirm the trial court's judgment invalidating the strategy.

\* \* \* \* \* \*

The background of this case is as follows:

Appellee Danny Welch, in his role as defendant in a past lawsuit, entered into an agreed judgment with his opponents. Welch, in a separate role, is plaintiff in a lawsuit pending in federal district court against Commerce Savings Association.

In an admitted litigation strategy move, Commerce Savings, defendant in Welch's federal court suit, purchased the $279,000 agreed judgment which the other parties had obtained against Welch in state court at a discounted price of $225,000. Commerce Savings' undisputed intent was to become Welch's judgment creditor. As such, Commerce Savings hoped to attach, as property subject to execution, Welch's cause of action against Commerce. As owner of the cause of action against itself, Commerce Savings planned to dismiss it.

Armed with the agreed judgment which it had purchased, Commerce Savings applied in state district court for assistance in reaching Welch's cause of action against it.

Commerce Savings filed an application for relief under the turnover statute. TEX. CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986). The statute permits a court to aid a judgment creditor in reaching assets of a judgment debtor who owns non-exempt property or property rights which cannot be readily attached or levied on by ordinary legal process. *Id.* Welch's cause of action against Commerce is such a property right.

In addition to applying for turnover relief, Commerce attempted to reach Welch's interest in F & W Ltd., a partnership, by applying for relief under the Texas Partnership Act's charging order statute. TEX.REV.CIV.STAT.ANN. art. 6132b § 28 (Vernon 1970). The charging order statute, like the turnover statute, permits a court to aid a judgment creditor in reaching property of a judgment debtor which is not readily attachable. *See* TEX.REV.CIV. STAT.ANN. art. 6132b § 25(2)(c) (partner's right in specific partnership property not subject to attachment or execution except for satisfaction of partnership debt.).

The trial court denied Commerce's request for turnover relief and in the exercise of its discretion also denied charging order relief. The court made extensive findings of fact and conclusions of law.[1]

1.        FINDINGS OF FACT

1. On or about August 31, 1987, the Honorable David Peeples entered a consent Judgment against Welch in favor of Charles B. Owens, Trustee ("Owens"), in the sum of $125,000, together with accrued interest of $7,491.43; in favor of Jack A. Rodgers ("Rodgers") in the sum of $62,500, together with accrued interest of $3,745.72; in favor of Danny W. Mills ("Mills") in the sum of $62,500, together with accrued interest of $3,745.72; and for reasonable attorney's fees in favor of Owens, Rodgers and Mills in the amount of $15,000, together with interest on the consent Judgment accruing thereon from October 25, 1986, at the rate of 10% per annum, together with costs (the "consent Judgment").

2. On or about November 11 and 12, 1986, Mills, Rodgers, Owens and Welch entered into a valid contract entitled Compromise/Settlement Agreement, which limited, controlled and restricted the filing, enforcing, execution, and collection of the consent Judgment.

3. On or about December 29, 1988, Owens, Rodgers and Mills transferred, sold, assigned and conveyed to Commerce all of their right, title and interest in and to the consent Judgment, in consideration of the payment of a total sum of $225,000.00.

4. Commerce is an insolvent savings and loan association and was so before, on and after December 29, 1988.

5. Commerce is the present legal owner and holder of the consent Judgment against Welch.

6. Commerce purchased the consent Judgment and filed its Application not for the purpose of collecting on the consent Judgment, but to obtain a favorable dismissal or conclusion of Cause No. 87–CI–15904, *Danny F. Welch, et al v. Commerce Savings Association, et al.* ("Related Litigation").

7. Commerce's rights under the consent Judgment arise from the original Plaintiffs, Danny W. Mills, Jack A. Rodgers and Charles B. Owens, Trustee, and are subject to the terms of the Compromise/Settlement Agreement.

8. It was the intent and agreement of the parties to the Compromise/Settlement Agreement that there would not be any execution or collection efforts of any nature whatsoever on the consent Judgment until and unless Welch receives distributions from the F & W, Ltd. partnership or its assets.

**670**

Note 1—Continued

9. It was the intent and agreement of the parties to the Compromise/Settlement Agreement that the purpose of the agreement was to allow Welch to preserve all of his assets pending a resolution of his rights to distributions from F & W, Ltd. partnership or its assets.

10. Welch has not received any distributions from F & W, Ltd. partnership or its assets.

11. Welch's right to distributions from F & W, Ltd. is part of the issues joined in the Related Litigations.

12. Commerce's Application is in violation of the Compromise/Settlement Agreement.

13. Welch has not failed to perform under the Compromise/Settlement Agreement nor defaulted in performance of any of its provisions.

14. Welch has complied with all terms of the Compromise/Settlement Agreement.

15. Commerce will suffer no harm or injury from the entry of the Order denying their Application.

16. Welch has a twenty percent (20%) general partnership interest in F & W, Ltd., a Texas limited partnership, and Commerce claims to be a general partner in F & W, Ltd. with Welch.

17. Commerce's attempt to obtain Welch's partnership interest in F & W, Ltd., his claims and his documents including all documents by, to or from attorneys for Welch and F & W, Ltd., through the purchase of the consent Judgment and its Application, is in violation of the partnership agreement.

18. Commerce's attempt to obtain Welch's partnership interest in F & W, Ltd., his claims and his documents including all documents by, to or from attorneys for Welch and F & W, Ltd., through the purchase of the consent Judgment and its Application, is a breach of fiduciary duties Commerce owes to Welch.

19. Commerce Realty Corporation ("CRC") transferred substantial assets of F & W, Ltd. to Commerce.

20. Mills, Rodgers, Owens and Commerce have not sent a notice of claim or demand nor have any of them attempted collection efforts against Welch on the consent Judgment other than Commerce's Application herein.

21. CRC is a wholly owned subsidiary of Commerce and has common directors and officers, and is under the control of Commerce.

22. CRC does not object to a sheriff's sale of Welch's interest in F & W, Ltd.

23. Welch is the owner of a chose in action in Cause No. 87–CI–15904, styled *Danny F. Welch and F & W, Ltd. v. Commerce Savings Association and Commerce Realty Corporation* (the "Chose in Action").

CONCLUSIONS OF LAW

1. The Compromise/Settlement Agreement is a valid contract originally between Mills, Rodgers, Owens, and Welch and limits and governs any actions to enforce the consent Judgment.

2. Commerce's ownership interest in the consent Judgment is subject to the terms of the Compromise/Settlement Agreement.

3. The Compromise/Settlement Agreement precludes satisfaction of the consent Judgment by attachment, execution, seizure, turnover, charging order or other collections means allowed by law.

4. The consent Judgment is enforceable only as set out in the terms of the Compromise/Settlement Agreement.

5. Commerce's Application is in violation of the Compromise/Settlement Agreement.

6. Welch's ownership interest in the Chose in Action is a property interest that is exempt from attachment, execution or seizure for satisfaction of liabilities under the consent Judgment except upon the terms and conditions contained in the Compromise/Settlement Agreement.

7. Welch's ownership interest in F & W, Ltd. is a property interest that is exempt from attachment, execution or seizure for satisfaction of liabilities under the consent Judgment except upon the terms and conditions contained in the Compromise/Settlement Agreement.

8. Commerce breached fiduciary duties it owes to Welch.

9. Commerce Savings Association and Commerce Realty Corporation are the same entity or Commerce Realty Corporation is under the control of and acts for the benefit of Commerce.

10. Commerce's Application is in violation of the F & W, Ltd. partnership agreement.

11. Commerce is estopped from obtaining relief requested in its Application.

12. The consent Judgment and Compromise/Settlement Agreement bar Commerce's Application.

13. In the Related Litigation, the parties have previously joined in issue the dispute regarding the right to possession and control of Welch's partnership interest and his ability to assert a cause of action for damages against Commerce and CRC arising out of the loan transaction involving the right to possession and ownership of the real estate known as Canyon Springs Ranch.

14. Commerce's Application requesting the production of all documents of Welch in the Related Litigation is contrary to the Texas Rules of Civil Procedure and is an inappropriate and impermissible attempt to defeat claims of attorney/client privilege and attorney work-product privilege.

15. The purchase of the consent Judgment by Commerce, in order to force the settlement, dismissal or resolution of other litigation against it, is an improper use of the Turnover Statute and the Texas Limited Partnership Act.

16. Commerce's Application fails to allege and Commerce failed to establish sufficient facts to support equitable or any other relief under the Turnover Statute or the Texas Limited Partnership Act.

17. Commerce's conduct constitutes unclean hands and is a bar to recovery under the principles of equity.

18. Commerce's purchase of the consent Judgment and filing its Application is in violation of its fiduciary duties, is illegal and in violation of the Texas Limited Partnership Act.

Commerce Savings complains upon appeal of the trial court's denial of turnover and charging order relief, claiming its entitlement to such relief as a matter of law, claiming that there is no evidence and insufficient evidence to support the denial of such relief, and claiming that the trial court's denial was arbitrary and unreasonable. We affirm the judgment of the trial court.

■ However, we do not sustain the trial court's judgment based wholly upon its findings and conclusions enumerated above. Rather, it is the duty of an appellate court to sustain the judgment of a trial court if it is correct on any theory of law applicable to the case, regardless of whether the trial court gave the correct legal reason for the judgment. *Schley v. Structural Metals, Inc.*, 595 S.W.2d 572 (Tex. Civ.App.—Waco 1979, writ ref'd n.r.e.).

We have no means of discerning the worth of Welch's cause of action against Commerce, which dealt with conditions surrounding a $16 million loan from Commerce to Welch. Welch's cause of action against Commerce could conceivably be worthless. On the other hand, it could be of considerable value. Commerce's strategy sought to preclude any determination of Welch's rights against it in the lawsuit now pending in federal court. Were the federal cause to be litigated, a final determination might show that Welch is entitled to recover a substantial judgment against Commerce. In that instance, Commerce, assuming that the judgment it had purchased was ripe for execution, may be entitled to a credit for the Welch judgment; however, that issue is not before us.

■ We find that the trial court did not abuse its discretion in denying the relief. This court recently noted that whether to grant an application for a turnover order under § 31.002 is addressed to the sound discretion of the trial judge. *Buttles v. Navarro*, 766 S.W.2d 893, 894 (Tex.App.—San Antonio 1989, no writ); *see also Bar-*

*low v. Lane*, 745 S.W.2d 451, 454 (Tex.App.—Waco 1988, writ denied). Likewise, relief from the trial court under the charging order statute is couched in permissive rather than mandatory terms. TEX.REV.CIV. STAT. art. 6132b § 28 (Vernon 1970) (court *may* charge interest of debtor partner) (emphasis added).

■ Because Commerce's requests for relief require an equitable exercise of judicial power and discretion, the trial court could refuse to allow Commerce Savings to employ the court's post-judgment power for the purposes of unilaterally dismissing substantial contested and unliquidated claims between the parties. While it was within the court's discretion to deny charging order relief, we are wary of Commerce's strategy in attempting to utilize the turnover statute. Although we are not prepared to hold that the strategy employed by Commerce is precluded as a matter of law, we find no authority to support the use of the turnover statute as a means to extinguish a cause of action against oneself. Rather, its stated purpose in House and Senate committee reports is to aid a diligent judgment creditor to reach certain types of property of a judgment debtor. Hittner, *Texas Post-Judgment Turnover and Receivership Statutes*, 45 TEX.B.J. 417 (1982).

We hold that Commerce Savings has not shown that the trial court abused its discretion in refusing to grant the turnover and charging order relief. The judgment of the trial court is affirmed.

Note 1—Continued

19. Commerce's Application is being used not for purposes of collection of the consent Judgment but for the improper purpose of attempting to settle, dismiss or otherwise compromise the Related Litigation in violation of the laws of the State of Texas.

20. Commerce's conduct and Application is against public policy.