**ASSOCIATED READY MIX, INC., Relator,**

**v.**

**Honorable Kenneth A. DOUGLAS, Judge, 13th District Court, Navarro County, Texas, Respondent.**

No. 10–92–259–CV.

Court of Appeals of Texas, Waco.

Dec. 16, 1992.

---

Toby L. Mash, McCarty, Wilson, Mash and Grubbs, Ennix, for relator.

Before THOMAS, C.J., and VANCE and CUMMINGS, JJ.

## OPINION

VANCE, Justice.

Associated Ready Mix seeks a writ of mandamus to compel the Honorable Kenneth A. Douglas, Judge of the 13th District Court, to vacate an order signed under the turnover statute. The order requires Associated to turn over its causes of action against Floyd A. Kirk, Sr. and Floyd A. Kirk, Jr. to Kirk, Jr., a judgment creditor. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986 & Supp.1992). We will conditionally grant the writ.

## FACTUAL BASIS

Kirk, Jr. obtained a judgment for $137,738.52 against Associated on a promissory note that Kirk, Sr. had assigned to him. The judgment was reduced to $127,738.52 on appeal to this court and affirmed. Our unpublished opinion also reversed a take-nothing summary judgment on causes of action that Associated had asserted against Kirk, Sr. and Kirk, Jr. and remanded them for trial. Kirk, Jr. then applied to the court for a turnover order to compel Associated to turn over to him (a) its causes of action against Kirk, Sr. and Kirk, Jr. for breach of fiduciary duty, (b) its cause of action against Kirk, Jr. for conversion, and (c) the proceeds of a settlement that Associated made with another defendant, alleging that these are the only assets of Associated that might satisfy his judgment. Associated's response pointed out that Kirk, Jr. was entitled to an offset against any judgment that Associated might obtain against him and asserted that there were no proceeds of the settlement in its hands. After a

hearing, the court found that Associated owned the causes of action against Kirk, Sr. and Kirk, Jr., that the causes were not exempt from attachment, execution, or seizure, and that they cannot be readily attached or levied on by ordinary legal process. The court entered a turnover order requiring Associated to turn the causes of action over to Kirk, Jr. by assigning all of its right, title, and interest to him. The order did not refer to the settlement proceeds.

## THE STATUTE

The turnover statute provides in pertinent part:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

*Id.* § 31.002(a), (b).

## CONTENTIONS OF THE PARTIES

Associated's petition for writ of mandamus asserts that, unless the writ is granted, it will be forced to turn over its files to Kirk, Jr., it will unable to pursue its claims against the Kirks, its attorney-client rights

will be violated, and it will be denied the right to a jury trial on its claims. Associated cites *Commerce Sav. Assoc. v. Welch* in support of its position that a party cannot use the turnover statute to extinguish a cause of action against that party. *Commerce Sav. Assoc. v. Welch*, 783 S.W.2d 668 (Tex.App.—San Antonio 1989, no writ).

Kirk, Jr.'s response asserts that (1) Associated is insolvent and has no property other than the causes of action, (2) a cause of action is property for purposes of the turnover statute, (3) although subsection (b) of the turnover statute allows the court discretion in fashioning a turnover order, subsection (a) is mandatory and the court had no discretion about whether to sign a turnover order, (4) alternatively, if the court had discretion, it did not abuse it under the facts of this case, and (5) the court was entitled to "weigh the equities" in Kirk, Jr.'s favor, taking into consideration the fact that the settlement proceeds that he also sought in his application for a turnover had been diverted from the corporation to its attorneys. In support of his contentions, Kirk Jr. cites *Republic Ins. Co. v. Millard*, 825 S.W.2d 780 (Tex.App.—Houston [14th Dist.] 1992) (original proceeding); *Anderson v. Lykes*, 761 S.W.2d 831 (Tex.App.—Dallas 1988) (original proceeding); *Barlow v. Lane*, 745 S.W.2d 451 (Tex.App.—Waco 1988, writ denied); and *Renger Memorial Hosp. v. State*, 674 S.W.2d 828 (Tex.App.—Austin 1984, no writ).

Kirk Jr. admits that he will have a right of offset in the event that Associated obtains a judgment against him; that if the turnover order stands, he has no intention of pursuing the causes of action and that they would be extinguished; and that the value of the causes of action is not now known. He further states that he has not admitted liability on any of the causes of action and is defending them in the trial court, a position inconsistent with his position that the causes of action have value.

## STANDARD OF REVIEW

■ We review the grant or denial of a turnover order for abuse of discretion. *See*

*Republic Ins. Co.*, 825 S.W.2d at 782; *Commerce Sav. Assoc.*, 783 S.W.2d at 671.

■ A writ of mandamus may be issued to correct a "clear abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (original proceeding). A court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. The relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.*

■ However, review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

■ *Walker* further reaffirms the "well-settled" requirement—often neglected or entirely overlooked—that for the writ to issue, the person seeking relief must establish the lack of an adequate remedy by appeal. *Id.* at 840–42. Delay, inconvenience, or the expense of an appeal are not sufficient to render the remedy by appeal inadequate. *Id.* at 841–42.

## DID THE COURT ABUSE ITS DISCRETION?

■ Kirk, Jr. urges us to hold that the court could not have abused its discretion in signing the turnover order because it had no discretion under subsection (a) of section 31.002. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 31.002(a). Although his position is supported by the Dallas Court of Appeals, this court has decided otherwise. *Compare Anderson*, 761 S.W.2d at 834 *with Barlow*, 745 S.W.2d at 454. Nevertheless, if a creditor establishes that the judgment debtor owns property, including

present or future rights, that cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, or seizure for the satisfaction of liabilities, then the creditor is "entitled to aid" from the court and the court may sign a turnover order. *See Barlow*, 745 S.W.2d at 454; TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(a). It is undisputed that the court has discretion under subsection (b) to determine how to use the property to satisfy the judgment. *Barlow*, 745 S.W.2d at 454; TEX.CIV.PRAC. & REM. CODE ANN. § 31.002(b). The statute allows it to order the property placed in the hands of an officer for execution, otherwise apply the property to the satisfaction of the judgment, or appoint a receiver to take possession of the property, sell it, and pay the proceeds to the creditor. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(b).

We agree that a cause of action, as "property," may be the subject of an order under the turnover statute. *Republic Ins. Co.*, 825 S.W.2d at 784 ("Clearly respondent had the authority to enter such an order under the turnover statute."); *Renger Memorial Hosp.*, 674 S.W.2d at 830 ("A cause of action is a property right."). In both *Renger Memorial Hosp.* and *Republic Ins. Co.*, however, the turnover order required assignments of causes of action against third parties to a judgment creditor who had the same interest in pursuing them to maximum value as the judgment debtor. *Id.* Here, Kirk, Jr. will have a direct conflict of interest if Associated's causes of action against him are assigned to him. At the same time, it is not enough to say that Kirk, Jr. will have the right of offset if and when Associated obtains a judgment against him, because he has no assurance that Associated will not assign the causes of action to a third party against whom he will have no right of offset. Thus, the court could properly sign a turnover order to preserve Kirk Jr.'s right to have the value of the causes of action applied toward satisfaction of his judgment. The question is how to preserve that right without extinguishing what is admittedly a viable cause of action that may have substantial value.

We agree with the reservations expressed by the San Antonio Court of Appeals about turnover orders that preclude a determination of the merit and value of a party's claim. *See Commerce Sav. Assoc.*, 783 S.W.2d at 671. Kirk, Jr. admits that the value of the causes of action is unknown, that he has no intention of pursuing the causes of action against himself and his father, and that the effect of this turnover order is to "extinguish" them. Because the court neither ordered the causes of action placed in the hands of an officer for execution nor appointed a receiver, it must have "otherwise appl[ied] the property to the satisfaction of the judgment." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(b)(2). We conclude that subsection (b)(2) of section 31.002 was designed to allow the court to dispense with the formality of a sale under execution or by a receiver when dealing with money or property whose value can be determined in the hearing on the turnover application. *See id.* In such an event, the exact credit against the judgment can be determined in the turnover order and the property delivered directly to the judgment creditor. *See id.*

Here, no determination of the value of the causes of action was made at the turnover hearing, nor could any have been made. As noted, both of the Kirks are denying any liability on the causes of action. Thus, it is unknown how much credit Kirk, Jr. must give Associated on his judgment. As the San Antonio court noted, the causes of action may be worthless or they may be worth an amount considerably in excess of Kirk, Jr.'s judgment. *See Commerce Sav. Assoc.*, 783 S.W.2d at 671. If this turnover order stands, the value will never be determined. Additionally, the order has the effect of denying Associated the right to a jury trial. *See* TEX.CONST. art. I, § 15.

Thus, we conclude that under the facts of this case, the turnover order, having the effect of extinguishing Associated's causes of action, does not accomplish the purpose of the statute. *See id.* § 31.002. Because the court did not correctly analyze or apply

the law, we determine that it abused its discretion. *Walker*, 827 S.W.2d at 840.

■ The turnover statute authorizes the court to appoint a receiver to take possession of the property and, to realize its value for the judgment creditor, sell it and pay him the proceeds necessary to satisfy his judgment. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(b)(3). Because the purpose of the statute "was to put a *reasonable* remedy in the hands of a diligent judgment creditor, subject to supervision of the Court," we see no reason why the receiver must "sell" the property to realize its value. *Barlow*, 745 S.W.2d at 454. The court could preserve the value of the causes of action, if any, for Kirk, Jr. by placing them in the hands of a receiver who would be ordered to pursue them for the maximum benefit of Associated and to pay the proceeds to Kirk, Jr. to the extent required to satisfy his judgment. In such an event, Associated's concerns about the attorney-client privilege should be addressed.

## DID RELATOR HAVE AN ADEQUATE REMEDY BY APPEAL?

■ Because Kirk, Jr. admits that he has no intention of pursuing the causes of action if the turnover order is affirmed and that the causes of action would thereby be extinguished, we hold that Associated has no adequate remedy by appeal. *See Walker*, 827 S.W.2d at 841–42. Indeed, no final judgment would ever be entered from which it could appeal.

## CONCLUSION

We are confident that Respondent will vacate his order or modify it consistent with this opinion. Mandamus will issue only should he fail to do so.