Munson Earth Moving v. Holmberg, No. S0407-01 CnC  (Katz, J., May 26, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S0407-01 CnC


MUNSON EARTH MOVING CORP.

v.

HOLMBERG


ENTRY

        The court has reviewed plaintiff's motion for reconsideration of its Entry of September 20, 2004.  Having done so, we are of the view that this is a case with several factual variables:

*        When payment became due to Munson.
*        Whether Holmberg, Inc. was insolvent at one or another time.
*        Whether Holmberg, Inc. had any assets in 1998.

- Whether Munson was a creditor, even if payment was not yet due.
- Whether one or another act was intentional.
- Whether assets remaining after a transfer were unreasonably small.

We now conclude that our prior grant of summary judgment was probably ill-advised in view of all these variables, which interrelate, one with the other.  Instead, we are of the view now that this action ought to be set for trial.

We are also mindful that §§ 2288(a)(1), (a)(2), and 2289 not only have distinct statutes of limitation, but as causes of action, necessarily, have substantial overlap.  Further, any question of timely commencement of an action may well involve consideration of whether an amended pleading relates back to an earlier filing.  For these reasons, we revoke our prior grant of summary judgment for plaintiff's fourth claim.

Munson has also clarified the basis for its equitable estoppel claim.  It alleges that Holmberg supplied misleading information to Munson in his 1998 letters.  There Holmberg asserted that Holmberg, Inc. had no assets, failing to mention that the corporation held  promissory notes on loans it had just made to Holmberg.  From these letters, Holmberg convinced Munson not to file a lien against Holmberg, Inc.  Previously, we concluded that Beecher v. Stratton Corp. controlled as the letter merely persuaded Munson from asserting a legal right that it knew, or should have known, would expire with its forbearance.  170 Vt. 137, 139–40 (1999) (insurance adjustor's action, which delayed plaintiff's filing, did not demonstrate an intent to deceive plaintiff about his legal rights).  If this was merely an action by Munson to assert its right to file a lien, Beecher would have a greater relevance and possibly prevent Munson's claim.  This is not, however, the nature of Munson's claim.

Instead, what Munson is arguing is that it should be able to assert a cause of action against Holmberg and Holmberg, Inc., voiding the loans, regardless of the statute of limitations. 9 V.S.A. § 2289(b) (allowing creditors to reach-out to transfers made to insiders); 9 V.S.A. § 2293(3) (insider claims must be brought within a year of the transfer). This claim is not based on any forbearance that Holmberg extracted from Munson but on Munson's lack of actual or constructive knowledge of the transfer. To this end, Munson alleges that it had no knowledge of the loan and that the loan was a change in circumstances—from Holmberg, Inc. owing large sums to Holmberg to Holmberg owing large sums to Holmberg, Inc.—inconsistent with Holmberg Inc.'s financial history. By clarifying its position, Munson has demonstrated that its claim of equitable estoppel involves several issues of material fact (what did Munson know or what should it have known) that make our previous grant of summary judgment on this issue inappropriate.

For clarification, it is important to note that our previous analysis of the statute of limitations remains valid. As a statute of extinguishment, § 2293(3) represents a terminal point for fraudulent transfer claims. Thus, we continue to reject the argument that § 2293(3) has an implied discovery provision. So, although Munson has raised a factual basis to claim that Holmberg is equitably estopped from raising § 2293, if this argument fails, it has no recourse to the statute itself.

As to the remaining claims, Munson agrees that its first and second claims should be dismissed. These claims are premised on the underlying construction contract between Munson and Holmberg, Inc. and are unavailable to it as it has elected to obtain a remedy based on its third claim, that Holmberg, Inc. failed to pay its July 1998 promissory note to Munson.

Holmberg argues that Munson's claim for Holmberg's personal liability should be dismissed as Munson's dealings were limited to Holmberg, Inc. and that Munson knew it was dealing with a corporation. We reject this argument as Munson has presented enough facts to create an issue of whether Holmberg left the company underfinanced to relieve his own debts. Vermont courts will pierce the corporate veil in the interests of equity, justice, and the public need. Agway, Inc. v. Brooks, 174 Vt. 259, 262-63 (2001). Here the line between Holmberg, Inc. and Holmberg appears to have worn thin at several points. Although the bar is high to pierce the corporate veil, Munson's evidence shows that Holmberg may have misused the corporate structure to his own advantage and in violation to what outside parties would expect.

The final claim that Homberg challenges is Munson's claim that Peter and Marilyn Holmberg made unlawful distributions to themselves in violation of 11A V.S.A. § 8.33. We understand this claim as the legal alternative to Munson's argument to piercing the corporate veil. If, as Holmberg argues, the loans paid to him were made within the legitimate construct of a corporation, then Munson seeks through this claim to challenge the legitimacy of Holmberg's decision. To make such a claim, however, Munson must stand in the shoes of Holmberg, Inc, as § 8.33's duties run between a director and the corporation. In support of this relatively novel cause of action, Munson cites primarily treatises. E.g, 3A W. Fletcher, Fletcher Cyclopedia of the Law of Corporations §§ 1185, 1186 (2002).

Holmberg admits that this claim has some academic merit but urges us to reject the claim on the basis that the legislature did not intend 11A V.S.A. § 8.33 to allow creditors to sue corporate directors and that other

courts have rejected this as a cause of action. We reject this first argument as the legislative intent behind § 8.33 is, at best, inconclusive. As to Holmberg's second point, we note that the right of a judgment creditor to stand in the shoes of the corporation and hold directors liable is at once an older and well-established right that predates and parallels § 8.33. See, e.g., Hill v. Murphy, 98 N.E. 781, 782–83 (Mass. 1912); Renger Memorial Hosp. v. State, 674 S.W.2d 828, 830–31 (Tex. App. 1984). While there is a strong resistance by courts and commentators to creating fiduciary duties between corporate directors and creditors, Munson's case is distinguishable in that it is not claiming a direct duty but a right inherent in the corporation that Munson is prosecuting. Cf. N. Beveridge, Does a Corporation's Board of Directors Owe a Fiduciary Duty to Its Creditors?, 25 St. Mary's L.J. 589 (1994) (arguing that directors do not have such a duty). In this respect, Munson is merely arguing that Holmberg acted against the interests of the corporation by choosing to pay Holmberg rather than Munson. Thus, Munson and Holmberg, Inc.'s interests lie at a nexus point. As a judgment creditor, Munson has the right to pursue this claim.

Finally, we decline to grant Marilyn Holmberg's motion for summary judgment based on the factual discrepancies between the parties and their claims. Specifically, Ms. Holmberg claims that she did not participate in the decision to make a loan to herself and Peter Homberg. But as a director, Ms. Holmberg's liability under § 8.33 may stem from either as a participant in the decision or from a failure to challenge such a decision. Either way, Munson has created a factual issue as to whether Ms. Holmberg knew or should have known about the decision. Summary judgment, at this juncture, would be improper.

Based on the foregoing, Munson's motion for reconsideration is granted. Holmberg and Holmberg, Inc.'s motion for summary judgment is

granted in part and denied in part.  Marilyn Holmberg's motion for summary judgment is denied.

Dated at Burlington, Vermont_____, 2005.


_____
Judge