

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00399-CV

D&M MARINE, INC. D/B/A PHIPPS & COMPANY HOMES

APPELLANT

V.

J. NEAL TURNER AND KERIE B. TURNER

APPELLEES

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

Appellant D&M Marine, Inc. d/b/a Phipps & Company Homes (D&M) appeals from the trial court's turnover order entered to aid execution on a prior final judgment against D&M and in favor of appellees J. Neal Turner and Kerie B. Turner. We affirm the trial court's order.

## I. BACKGROUND

The Turners filed a construction-defect action against D&M and others involved in building their home. D&M's insurer, Mid-Continent Casualty Company, defended D&M against the Turners' suit. A jury concluded that D&M solely was liable for the defect. On March 28, 2012, the trial court entered judgment on the jury's verdict and awarded the Turners damages, including attorneys' fees. D&M appealed the trial court's judgment. The court of appeals affirmed the judgment in part but reversed the award of attorneys' fees. *D&M Marine, Inc. v. Turner*, No. 01-12-00622-CV, 2013 WL 3483778, at *9 (Tex. App.—Houston [1st Dist.] July 11, 2013, no pet. h.).[1]

In June 2012, Mid-Continent filed a declaratory-judgment action in the United States District Court for the Northern District of Texas, Dallas division (the federal trial court),[2] against D&M and the Turners, seeking a declaration that it had no duty either (1) to defend or indemnify D&M or (2) to pay the Turners' damages under its policy with D&M. Shortly thereafter, the Turners discovered that D&M was no longer in business and had no assets that readily could be

---

[1]The supreme court transferred the appeal from this court. *See* Tex. Gov't Code Ann. § 73.001 (West 2013).

[2]It is not clear why Mid-Continent filed its complaint in the United States District Court for the Northern District of Texas, Dallas division, instead of in the judicial district encompassing Denton County and Collin County—the United States District Court for the Eastern District of Texas, Sherman division. D&M is located in Denton County, and the Turners' house is located in Collin County. *See* 28 U.S.C.A. § 1391(b) (West Supp. 2013) (setting venue in diversity cases filed in federal court).

attached to satisfy their judgment. The Turners, therefore, filed an application for turnover relief in the state trial court on July 31, 2012. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2008). The Turners specifically requested rights "to any insurance policies issued to or which may provide coverage" to D&M.

In the federal trial court, D&M did not answer Mid-Continent's complaint; thus, the federal trial court clerk entered D&M's default followed by the federal trial court's default judgment. *Mid-Continent Cas. Co. v. D&M Marine, Inc.*, No. 3:12-CV-1963-K (N.D. Tex. Aug. 29, 2012); *see* Fed. R. Civ. P. 55(a), (b)(2). On August 31, 2012—two days after the federal trial court granted the default judgment against D&M—the state trial court held a hearing on the Turners' turnover application.

At the hearing, D&M did not dispute that it was no longer in business and had no assets that readily could be attached in satisfaction of the Turners' judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a). Based on that evidence, the Turners submitted to the state trial court a proposed order that granted their requested turnover relief. D&M responded that "an unasserted claim against an insurance carrier is not subject to turnover relief." D&M explained that it had failed to answer Mid-Continent's federal complaint because D&M's counsel had been hired and paid for by Mid-Continent, resulting in a conflict of interest. The state trial court granted the Turners' application and ordered "that all ownership, rights, privileges, and interests relative to any

3

insurance policies issued to or which may provide coverage of any nature to [D&M] relative to the Judgment issued in this cause are hereby transferred and assigned to [the Turners]." It appears that the trial court signed the Turners' proposed turnover order without making any changes.

The Turners then moved to set aside the federal trial court's default judgment. *See* Fed. R. Civ. P. 55(c). The federal trial court concluded that extraordinary circumstances—the fact that the Turners could not appear in Mid-Continent's declaratory-judgment action as to D&M until they obtained the turnover order—warranted vacating the default judgment. *See* Fed. R. Civ. P. 60(b)(6); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497 (1993). Mid-Continent's declaratory-judgment action remains pending in the federal trial court. D&M now appeals from the state trial court's turnover order. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 505 (Tex. 1995) (recognizing turnover order is final, appealable judgment).

## II. STANDARD OF REVIEW

We review a trial court's turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. *Id.* A trial court's issuance of a turnover order, even if predicated on an erroneous conclusion of law, will not be reversed for an abuse of discretion if the judgment is sustainable for any reason. *Id.* A trial court does not abuse its discretion if

4

there is some evidence of a substantive and probative character to support the turnover order. *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Fort Worth 2006, pet. denied).

### III.  DISCUSSION

#### A.  THE APPELLATE RECORD

D&M asserts in its reply brief that we may not consider the actions taken by the federal trial court in Mid-Continent's declaratory-judgment action because they are outside the appellate record.  D&M goes so far as to imply that the Turners, by including the federal trial court's orders in their appendix, violated the supreme court's Standards for Appellate Conduct.  However, the Turners raised Mid-Continent's declaratory-judgment action to the state trial court at the turnover hearing, and the trial court considered D&M's failure to answer Mid-Continent's federal complaint as part of the reason for entering the turnover order.  Therefore, the declaratory-judgment action is not outside the appellate record.  Further, we are allowed to take judicial notice of such adjudicative facts.  *See* Tex. R. Evid. 201; *Thomas v. Cook*, 350 S.W.3d 382, 387 n.2 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

It appears that D&M is concerned that the Turners' references to the federal trial court action will result in detrimental speculation as to why D&M failed to appear in the federal trial court.  We have made no assumptions as to D&M's default other than what D&M stated on the record at the turnover hearing:

D&M's counsel was paid by Mid-Continent, resulting in a conflict of interest in the federal trial court.

## B. PROPERTY PROPERLY SUBJECT TO TURNOVER ORDER

In its first issue, D&M argues that its unasserted claims against Mid-Continent are not properly subject to a turnover order, rendering the trial court's order an abuse of its discretion. The judgment-collection statute provides a method for court-ordered collection of judgments, authorizing the trial court to order the judgment debtor to turn over nonexempt property that readily cannot be attached or levied on by ordinary legal process. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a), (f). Section 31.002 is purely a procedural remedy and may not be used to adjudicate substantive rights. *See Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding); *Cravens, Dargan & Co. v. Peyton L. Travers Co.*, 770 S.W.2d 573, 576 (Tex. App.—Houston [1st Dist.] 1989, writ denied). "The purpose of the turnover proceeding is merely to ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control." *Beaumont Bank*, 806 S.W.2d at 227.

Generally, causes of action constitute property subject to turnover by a court. *Honaker*, 192 S.W.3d at 627; *accord Great W. Cas. Co. v. Omniflight Helicopters, Inc.*, No. 4:05-CV-678-Y, 2006 WL 3281714, at *2–3 (N.D. Tex. Nov. 13, 2006). Specifically permitted as subjects of a turnover order are "causes of action against third parties to a judgment creditor who [has] the same interest in

6

pursuing them to maximum value as the judgment debtor." *Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig. proceeding). But the turnover statute should not be used to extinguish a cause of action. *Id.* at 762–63; *Commerce Sav. Ass'n v. Welch*, 783 S.W.2d 668, 671 (Tex. App.—San Antonio 1989, no writ). For example, a judgment debtor owing money to his attorney under a judgment cannot be ordered to surrender his asserted cause of action for legal malpractice against the same attorney under a turnover order. *Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304, 306–07 (Tex. App.—Dallas 1992, no writ). Such a turnover order would violate public policy and the open-courts doctrine. *Associated Ready Mix*, 843 S.W.2d at 762; *Criswell*, 843 S.W.2d at 306–07. Likewise, an insured's cause of action against its insurer for failure to settle is not subject to a turnover order when the insured is satisfied with its insurer's representation. *Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, writ denied); *accord Nationwide Mut. Ins. Co. v. Chaney*, No. 3:00CV0628L, 2002 WL 31178068, at *4 n.5 (N.D. Tex. Sept. 30, 2002) (noting turnover to judgment creditor of failure-to-settle claim against insurer improper when insured—the judgment debtor—believed he was better off without settlement), *aff'd sub nom.*, *Nationwide Mut. Ins. Co. v. Haffley*, 78 F. App'x 348 (5th Cir. 2003).

In *Charles*, a judgment debtor of an insured sought turnover of a potential cause of action for failure to settle that could be brought by the insured against his insurance company. In that case, there was specific evidence that the

7

insured did not want to sue for malpractice based on an alleged failure to settle because "he had no complaint" with the representation. 878 S.W.2d at 208. *Charles* holds (contrary to D&M's argument) that a cause of action for failure to settle is not "subject to involuntary assertion." *Id.* Here, there is no evidence that D&M did not want to be indemnified through its insurance coverage. The Turners requested a turnover order regarding D&M's insurance policies that possibly provided coverage for D&M against the Turners' construction-defect suit. The Turners would have the same interest as D&M would to pursue any bad faith or failure-to-indemnify claims against Mid-Continent to maximum recovery. *Cf. id.* (holding failure-to-settle claim against insurer not subject to turnover order in favor of judgment creditor because, under the specific facts of the case, "the [judgment creditor] does not share or assume the insured's interest in seeing that the insurer settle for policy limits," and because turnover order would "drive a wedge between a satisfied client and his insurance company"). The public-policy and open-courts concerns that have doomed turnover orders in the past are not present in this case. Therefore, the trial court did not abuse its discretion by ordering D&M to transfer its unasserted claims against Mid-Continent that could have the possibility of satisfying the Turners' judgment against D&M. *See, e.g.*, *Republic Ins.*, 825 S.W.2d at 784 (holding trial court "properly ordered a turnover to the [judgment creditor] of all causes of action [the judgment debtor] might have now, or in the future, against any liability insurance carriers" of the judgment debtor). We overrule D&M's first issue.

### C. APPROPRIATE EXECUTION OF TURNOVER

In its second issue, D&M asserts that the trial court abused its discretion by ordering the turnover directly to the Turners and not to a designated sheriff, constable, or receiver. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(1), (3); *see also Ex parte Johnson*, 654 S.W.2d 415, 418–19 (Tex. 1983) (orig. proceeding) (stating turnover may not be ordered directly to judgment creditors).

D&M did not respond to the Turners' application for a turnover order, did not raise a complaint addressed to the proper execution of the turnover order, and did not seek to modify the turnover order after it was entered. *See Johnson*, 654 S.W.2d at 418 (recognizing proper method to challenge turnover order is through motion to modify). Indeed, in summarizing its argument against the turnover order at the hearing, D&M did not in any way raise appropriate execution of such an order:

> So that's basically - - number one, I don't think [a] cause of action [against Mid-Continent] probably exists, or at least I think it's called into question by the default order. Number two, an insurance claim isn't subject to [a turnover order]. And, three, if it is, I don't think that that means that they get to somehow or another overcome the work[-]product or attorney-client privilege.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d

711, 712 (Tex. 1991) (op. on reh'g). It is obvious here that the trial court was given no opportunity to remedy this voidable error. *See Johnson*, 654 S.W.2d at 419 (holding error in ordering direct turnover to judgment creditors voidable, not void, order). We cannot reverse a trial court on a voidable error in the absence of a timely objection or complaint. *See Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2011) (noting voidable trial court actions must be timely raised to avoid waiver); *Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 342 (Tex. App.—Fort Worth 2003, pet. denied) (holding voidable error must be raised by objection or complaint to be preserved for appellate review); *cf. Morton v. Hung Nguyen*, 369 S.W.3d 659, 677 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (holding failure to file motion to amend or correct judgment that failed to award pre- and post-judgment interest waived complaint). D&M failed to preserve for our review the trial court's voidable error, and we overrule issue two.

## IV. CONCLUSION

Having overruled D&M's two issues, we affirm the trial court's turnover order.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: August 15, 2013

10