In re OFFSHORE FINANCIAL
CORPORATION, Debtor.

Milo Segner, as Trustee for the Offshore Financial Corporation
Creditors Trust, Plaintiff,

v.

William Dennis BROSSEAU,
et al., Defendants.

Bankruptcy No. 96–37173–RCM–11.
Adversary No. 97–3428.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Jan. 20, 2005.

Charles W. McGarry, Dallas, TX, for Plaintiff.

Leonard H. Simon, Pendergraft & Simon, LLP, Houston, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

The plaintiff, Milo Segner, the trustee for the Offshore Financial Corporation Creditors' Trust, filed a motion for a turnover order directing 80451 Holdings, Ltd., a Canadian company, to deliver its interests in a judgment to Segner. In response, 80451 Holdings, Ltd., filed a motion to dismiss the turnover request or, in the alternative, for this court to abstain. The parties replied to the competing motions. The court conducted a hearing on the motions on December 17, 2004.

On June 24, 1999, this court entered a judgment in favor of Segner against 80451

Holdings, Ltd., in the amount of $32,165.33, plus post-judgment interest of 4.879 percent per annum until the judgment is paid. The judgment has not been paid. Segner filed the turnover action as an aid to execution on his judgment.

A judgment exists in the name of the defendant, 80451 Holdings, Ltd., as the judgment creditor. That judgment, dated August 21, 1996, was entered by a court in Mexico, against several entities, including Dennis Ray Ranzau. Segner asserts an appellate court in Mexico affirmed the judgment. Ranzau is deceased. The judgement would have to be pursued against his probate estate in Texas.

With 80451 Holdings, Ltd., the independent administrator of the Ranzau probate estate contends that the Mexican judgment had been fraudulently obtained and, therefore, is not enforceable. They also contend that 80451 Holdings, Ltd., is the subject of a receivership-like procedure in Canada. They request that this court abstain from ordering a turnover, deferring to the Canadian court.

Segner responds that this court has jurisdiction to enforce its judgments. Segner further contends that the validity or collectibility of the Mexican judgment is not at issue on the turnover motion. Segner maintains that first he must obtain possession of the judgment. If he obtains possession of the judgment, then collection becomes a problem for the trust. But Segner further observes that the judgment may be sold by a United States Marshal, with the proceeds used to satisfy his judgment against 80451 Holdings, Ltd. The buyer would then confront the problem of collection.

Before analyzing the issues, the court expresses a concern that both counsel have the interests of more than one client to protect. Neither has been particularly forthright in recognizing their competing interests, although both have not hesitated to refer the court to the competing interests of the other. Ostensibly, attorney Charles W. McGarry represents Segner in this adversary proceeding. However, he also represents a William D. Brosseau, a key player in the underlying actions, who, presumably, stands to benefit if he ultimately obtains and collects on the Mexican judgment by paying sufficient funds to satisfy Segner's judgment. On the other hand, attorney Leonard H. Simon represents 80451 Holdings, Ltd., in this adversary proceeding. He also represents the Ranzau probate estate, which, for obvious reasons, seeks to have the Mexican judgment declared unenforceable. Nevertheless, Segner would not much care about McGarry's representation of Brosseau, if it results in the payment of Segner's judgment. Nor would 80451 Holdings, Ltd., much care about a turnover of the Mexican judgment if the judgment is indeed unenforceable.

While recognizing these conflicting positions, the court addresses the issues raised by the turnover motion and the dismissal motion. When Segner's judgment against 80451 Holdings, Ltd., became a final, non-appealable judgment, the court administratively closed this adversary proceeding. This court retains jurisdiction to enforce its judgment. *Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)(bankruptcy court retains jurisdiction to enforce its orders); *United States v. Revie,* 834 F.2d 1198, 1205 (5th Cir.1987) (bankruptcy court authority to enforce its judgment by contempt); *Davis v. Davis (In re Davis),* 170 B.R. 892, 893–94 (Bankr.N.D.Tex.1994)(addressing execution on bankruptcy court judgment by turnover), *aff'd* 170 F.3d 475 (5th Cir. 1999)(en banc)(addressing Texas homestead as exempt property). The court may consider a motion to enforce its judg-

ment without reopening the administratively closed adversary proceeding. The court, however, has the discretion to administratively reopen the closed adversary proceeding, to the extent necessary to enforce the judgment.

Process to enforce a judgment obtained by a trust established pursuant to a confirmed Chapter 11 plan under the Bankruptcy Code is by writ of execution. Fed. R.Civ.P. 69(a). Rule 69(a) provides that the procedure on execution shall be in accordance with the practice and procedure of the state of Texas, except that any statute of the United States governs to the extent applicable. *Id.; Davis,* 170 B.R. at 894. Segner does not contend that any provision of the Bankruptcy Code or any other federal statute directs the method or procedure for execution of the judgment. The court accordingly applies the Texas practice and procedure as made applicable by Rule 69(a).

Texas provides for a turnover of property to be sold to satisfy a judgment. Texas Civ. Prac. & Rem.Code § 31.002(a). The Texas turnover statute provides in pertinent part:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control together with all documents or records related to the property, to a designated sheriff or constable for execution;

Tex. Civ. Prac. & Rem.Code §§ 31.002(a) and (b)(1).

■ The granting or denying of an application for turnover under § 31.002 is addressed to the discretion of the trial court. *Davis,* 170 B.R. at 894, *citing Barlow v. Lane,* 745 S.W.2d 451 (Tex.App.-Waco 1988).

■ The statute contains several requirements. First, Segner must be a judgment creditor. On June 24, 1999, this court entered a judgment in favor of Segner against 80451 Holdings, Ltd., making Segner a judgment creditor.

Second, the judgment creditor must seek assistance from "a court of appropriate jurisdiction." Tex. Civ. Prac. & Rem. Code § 31.002(a). Subsection (d) of § 31.002(a) permits the judgment creditor to seek the assistance in the same proceeding in which the judgment is rendered. Segner has done that; this is a court of appropriate jurisdiction.

Third, the judgment debtor, here 80451 Holdings, Ltd., must own the property with which the judgment creditor seeks to satisfy the judgment. In this case, the judgment debtor must own the Mexican judgment. For the reasons stated below, that is problematic.

Fourth, the property "cannot readily be attached or levied on by ordinary legal process." § 31.002(a)(1). For the reasons stated below, Segner has established this requirement.

Fifth, the property "is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." § 31.022(a)(2). The Mexican judgment is not exempt from attachment, execution or seizure for liabilities.

With regard to whether 80451 Holdings, Ltd., owns a judgment against Ranzau and others, the court takes judicial notice of proceedings in the United States Bankruptcy Court for the Eastern District of Texas in *Matter of Brosseau*. In that case, the court in January 1994 entered an order authorizing the sale and transfer of any of Brosseau's interest in the stock of 80451 Holdings, Ltd., to Ranzau. Brosseau filed statements in his bankruptcy case reporting his ownership interest in 80451 Holdings, Ltd. Brosseau's bankruptcy trustee, pursuant to court order, executed a bill of sale on February 1, 1994, conveying to Ranzau the bankruptcy estate's interest in the stock in 80451 Holdings, Ltd.

Pursuant to the bankruptcy court's order, Ranzau entered agreements with Brosseau-related persons and entities whereby those persons and entities conveyed any interest in 80451 Holdings, Ltd., stock they might have held to Ranzau. They executed quit claim deeds and bills of sale in February 1994 to implement that agreement.

Those transfers under bankruptcy court auspices notwithstanding, in October 1995 Brosseau engaged counsel in Mexico to commence the Mexican action on behalf of 80451 Holdings, Ltd., which resulted in the Mexican judgment in favor of 80451 Holdings, Ltd., against Ranzau.

The authority to obtain the Mexican judgment appears to conflict with the bankruptcy court order, and the transfers taken pursuant to that order. Indeed, a Texas appellate court has recognized the finality of the bankruptcy court order and has given it full faith and credit. *Brosseau v. Ranzau*, 81 S.W.3d 381 (Tex.App.-Beaumont 2002). The Texas court held that "the effectuation of the bankruptcy court order by the trustee's conveyance of any interest owned by Brosseau in [the 80451 Holdings] stock certificate ... to Ranzau is inconsistent with the Mexican judgment ..." 81 S.W.3d at 390. The court declined to accord the Mexican judgment any collateral estoppel effect in the litigation pending in state court.

Segner was not a party to the state court litigation. This court may not, therefore, apply the state court decision to preclude Segner from claiming that 80451 Holdings, Ltd., owns a judgment against Ranzau. Nevertheless, the court may consider the reasoning and analysis of the Texas court. The Texas court focused on the finality of a bankruptcy court order and transfers taken pursuant to that order. The transfers appear to have transferred ownership of 80451 Holdings, Ltd., to Ranzau before Brosseau caused a proceeding to be commenced in the name of 80451 Holdings, Ltd., in Mexico. If the owner of 80451 Holdings, Ltd., did not cause 80451 Holdings, Ltd., to appear in Mexico, there is likely no basis for a Mexican judgment in the name of 80451 Holdings, Ltd.

■ While this court does not adjudicate the validity or enforceability of the Mexican judgment on a turnover motion, this court must consider whether Segner has established that 80451 Holdings, Ltd., owns property, that is, the Mexican judgment, that would be subject to a turnover. On this record, Segner has not established that 80451 Holdings, Ltd., owns a judgment, as it does not appear that 80451 Holdings, Ltd., appeared in Mexico by corporate governance authorization.

As this court has discretion to grant or deny a turnover, on this record, the court declines to order a turnover of the Mexican judgment. In deference to the finality of a final order of a United States court which has been given full faith and credit by a Texas court, this court will not order

the turnover of a judgment obtained in the name of 80451 Holdings, Ltd., when Segner has failed to establish that the owner of 80451 Holdings, Ltd., commenced or authorized the commencement of the Mexican action or that 80451 Holdings, Ltd., appeared in Mexico by proper corporate governance authorization.

The court lastly addresses whether the Mexican judgment can be readily attached or levied on by ordinary legal process. The Texas turnover statute grants to judgment creditors a remedy for reaching property of a debtor where the traditional remedies are inadequate. *Davis*, 170 B.R. at 895. The turnover statute has been used to reach corporate stock in the hands of third parties and held out of state; to reach shares of stock and accounts receivable where the debtor refused to attend two depositions regarding his assets; to reach an interest in a cause of action; and to reach an interest in future rental payments. *Id.*, at 896.

■ In support of the motion to dismiss or abstain, 80451 Holdings, Ltd., and the administrator of the Ranzau probate estate state that Ranzau filed an action in July 1996 against 80451 Holdings, Ltd., Brosseau, and others, in the Supreme Court of British Columbia, Canada, action no. A962455, to restrain the disposition of 80451 Holdings, Ltd., stock. They argue that the Canadian court enjoined any change in share holdings or directorships of 80451 Holdings, Ltd. They also contend that the Canadian court has effectively limited the 80451 Holdings, Ltd., board of directors and control person to a Canadian attorney. Consequently, 80451 Holdings, Ltd., and the Ranzau probate estate suggest that this court should consider 80451 Holdings, Ltd., as subject to a judicial receivership. Based on this, they argue that this court should abstain from deciding the turnover motion, deferring instead

to the Canadian court. Segner replies that the Canadian action is not a receivership.

Neither side has provided this court with sufficient legal authority to determine the actual nature of the Canadian proceedings. Nevertheless, the Mexican judgment names 80451 Holdings, Ltd., as the judgment creditor. If 80451 Holdings, Ltd., a Canadian company, is now under the control of a Canadian attorney by virtue of a 1997 court order, despite the representation to this court that the stock had been owned by Ranzau and must now necessarily be administered in the Ranzau Texas probate estate, then the situation fits the criteria for a turnover order. A judgment is like a cause of action or an interest in future payments or a receivable subject to turnover. The Mexican judgment would effectively be controlled by a third person out of state.

Neither the Ranzau probate estate administrator nor 80451 Holdings, Ltd., has established that the Canadian court has taken *in rem* or *quasi in rem* control over 80451 Holdings, Ltd., and its assets. A corporate governance dispute does not equate to a receivership or other *in rem* proceeding. *See Citibank, N.A. v. Data Lease Financial Corp.*, 645 F.2d 333, 338 (5th Cir.1981). Furthermore, recognizing that this court is addressing the turnover motion in the first days of 2005, this court has no reason to conclude that the Canadian court would exercise *in rem* control in 2005 over a Canadian company's assets based on a 1996 proceeding.

Accordingly, the property cannot be readily attached or levied on by ordinary legal process. The administrator of the Ranzau probate estate and 80451 Holdings, Ltd., have not established that the Canadian proceeding is due any special deference by this court.

In summary, Segner has established the elements for a turnover under the Texas statute except for the judgment debtor's ownership of the property Segner seeks to satisfy his judgment. With the ownership issue outstanding, for the reasons stated in this opinion, the court declines to exercise its discretion to order a turnover. Segner must pursue execution of his judgment by other means.

Based on the foregoing,

**IT IS ORDERED** that the motion for a turnover is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the motion to dismiss the turnover motion or, in the alternative, to abstain is **DENIED** without prejudice.