REVISED January 23, 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-40083
Summary Calendar

WILLIAM JOSEPH GOODRICH

Plaintiff-Appellant

v.

BRAD LIVINGSTON; RISSIE L. OWENS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-156

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Joseph Goodrich, Texas prisoner #353147, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted. In 1983, Goodrich was convicted of aggravated rape, a violation of former TEX. PENAL CODE ANN. § 21.03 (Vernon 1987), and was sentenced to life imprisonment. Although § 21.03 is not listed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under TEX. GOV'T CODE ANN. § 508.046, Goodrich asserts that the Texas Board of Pardons and Paroles (Parole Board) has adopted a rule making § 508.046 applicable to inmates convicted under § 21.03 as though they were convicted of aggravated sexual assault, a violation of TEX. PENAL CODE ANN. § 22.021. He argues that by applying § 508.046 to his 2005 parole hearing, the Parole Board altered the definition of the crime of which he was convicted in violation of the Ex Post Facto Clause.

The district court's dismissal of a complaint as frivolous is reviewed for abuse of discretion and its dismissal for failure to state a claim is reviewed de novo. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). At the time of Goodrich's conviction, a prisoner needed the vote of only a majority of a randomly-selected three-member Parole Board panel to be granted parole. See TEX. CODE. CRIM. P. 42.12 § 14A(i) (Vernon 1979). However, under § 508.046, effective September 1, 1997, a favorable vote of two-thirds of the entire Parole Board was required to grant parole to certain offenders, including those convicted of aggravated sexual assault. See § 508.046 (Vernon 2004).[1]

As the district court noted, the Texas Court of Criminal Appeals has held that the Penal Code section for aggravated sexual assault, § 22.021, encompasses the conduct previously included in the aggravated rape statutes and that aggravated rape, § 21.03, was the statutory precursor to aggravated sexual assault. See Griffith v. State, 116 S.W.3d 782, 787-88 (Tex. Crim. App. 2003). Accordingly, the Parole Board did not violate the Ex Post Facto Clause by applying § 508.046 to Goodrich because it did not alter the definition of the crime for which he was convicted nor increase his punishment. See Collins v. Youngblood, 497 U.S. 37, 44 (1990). Furthermore, this court has determined

---

[1] Please note, the Parole Board's size was reduced from eighteen to seven members effective January 11, 2004, prior to November 2005 when Goodrich's parole was denied. See Tex. Gov't Code § 508.031 (Vernon 2004).

that the Parole Board's retroactive application of § 508.046 does not violate the Ex Post Facto Clause because it is a discretionary rule addressing a prisoner's "suitability, not eligibility, for parole." See Wallace v. Quarterman, 516 F.3d 351, 355-56 (5th Cir. 2008). Accordingly, the judgment of the district court is affirmed.

MOTIONS TO SUPPLEMENT & CORRECT BRIEF GRANTED; JUDGMENT AFFIRMED.