Opinion issued October 14, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00075-CV

———————————

Edward L. Teague, Appellant

V.

Brad
Livingston and Rissie Owens, Appellees



 



 

On Appeal from the 412th District Court 

Brazoria County, Texas



Trial Court Case No. 51672

 



 

MEMORANDUM OPINION

Appellant, Edward L. Teague,[1] an inmate in the Texas
Department of Criminal Justice – Institutional Division (the “Department”),
challenges the trial court’s order dismissing his lawsuit for a declaratory judgment
and injunctive relief against appellees, Brad Livingston and Rissie Owens, for
the violation of his civil rights[2] by an ex post facto
punishment through the retroactive application of new parole procedures[3] to his future parole
reviews.  In six points of error, Teague contends
that the trial court erred in not issuing a “memorandum opinion, or findings of
fact and conclusions of law,” and in dismissing his suit as appellees are not
entitled to sovereign immunity, appellees are not entitled to official
immunity, and his ex post facto claim is “not foreclosed.” 

We affirm.

Background

In his amended petition, Teague seeks
a declaratory judgment and injunctive relief against Owens, the Texas Board of
Pardons and Paroles’ Presiding Officer, and Livingston, the Department’s Executive
Director, in their individual and official capacities for violation of his
civil rights by the retroactive application of Texas Government Code section
508.046 and Texas Board of Pardons and Paroles Policy 96-9.01.[4]  Teague alleges that the application of these
procedures to his future parole reviews constitutes an unconstitutional ex post
facto punishment and his parole reviews should be governed by the parole
statutes in place at the time of his conviction.  

In their plea to the jurisdiction,
appellees asserted that the trial court lacked subject matter jurisdiction on
the grounds that they enjoyed qualified, official, and sovereign immunity.  They also argued that Teague’s complaint
should be dismissed with prejudice because it is “frivolous” as a matter of
law.[5]  After a hearing, the trial court dismissed
Teague’s lawsuit “with prejudice” for “want of jurisdiction.”  Subsequently, the trial court denied Teague’s
request for findings of fact and conclusions of law, noting that “since no
evidentiary hearing was held – no findings of fact and conclusions of law
required.”  

Standard of Review

A court may dismiss an
inmate’s claim as frivolous when the claim has no arguable basis in law or in
fact.  See Tex. Civ. Prac. &
Rem. Code Ann. §14.003(a)(2),
(b)(2) (Vernon 2002).  We review a
dismissal under chapter 14 for an abuse of discretion.  Leachman
v. Dretke, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.).  

We review a trial
court’s disposition of a plea to the jurisdiction under a de novo standard of review.  See Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998);
Reese v. City of
Hunter’s Creek Vill., 95 S.W.3d 389, 391
(Tex. App.—Houston [1st Dist.] 2003, pet. denied).  When reviewing a trial court’s
ruling on a plea to the jurisdiction, we consider the facts alleged by the
plaintiff and, to the extent relevant to the jurisdictional issues, any
evidence submitted by the parties.  Am.
Acad. of Emergency Med. v. Mem’l Hermann Healthcare, 285 S.W.3d 35, 40–41 (Tex. App.—Houston [1st Dist.] 2009, no
pet.).
 “Whether a pleader has alleged facts
that affirmatively demonstrate a trial court’s subject matter jurisdiction is a
question of law that we review de novo.”  Id. at
40. 

Findings of Fact and Conclusions of Law

In his first point of error, Teague
argues that, upon his request, the trial court had a mandatory duty to file
findings of fact and conclusions of law. 
See Tex. R. Civ. P. 296.  

In any nonjury case tried in a
district or county court “the judge shall, at the request of either party,
state in writing his findings of fact and conclusions of law.”  Id.  Additionally, “When demand is made therefor
the court shall prepare its finding of facts and conclusions of law and file
same within thirty days after the judgment is signed.”  Tex. R. Civ. P. 297.

However, there is no “duty on [a]
trial court to file findings of fact or conclusions of law where there has been
no trial.”  Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no pet.); Kaminetzky v. Park Nat’l Bank of Houston,
No. 01-03-01079-CV, 2005 WL 267665, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005, no pet.) (mem.
op.) (“Where no trial has occurred, the trial court is under no duty to file
findings of fact and conclusions of law”).  A plea to the jurisdiction is similar to a
summary judgment, in which findings of fact and conclusions of law are not
necessary, because “there are no facts to find,” and the “legal grounds are
limited to those stated in the motion and response.”  IKB
Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 441 (Tex. 1997)
(asserting that there is no need for findings of fact in the context of summary
judgment).  In such instances, “a party
is not entitled to findings and conclusions . . . because
judgment must be rendered as a matter of law.”  Id.
at 442.  When judgment is entered on the
pleadings, requests for findings and conclusions “can have no purpose, should
not be filed, and if filed, should be ignored by the trial court.”  Id.  Here, the trial court dismissed Teague’s case
without a trial and without holding an evidentiary hearing, and it was not
required to file findings of fact and conclusions of law.  Accordingly, we hold that the trial court did
not err in denying Teague’s request for findings of fact and conclusions of
law.

We overrule Teague’s first point of
error.

Ex Post Facto Punishment

          In
his sixth point of error, Teague argues that the trial court erred in
dismissing his claims against appellees because he is attacking “the
retroactive application of [section] 508.046 in its entirety” and the claims
are not, as asserted by appellees, “foreclosed” under Wallace v. Quarterman, 516 F.3d. 351 (5th Cir. 2008).  Teague
asserts that the application of Texas Government Code section 508.046
constitutes an ex post facto punishment because it “states in clear and
explicit language that it only applies to those offenders whose offenses were
committed prior to the statute’s enactment.”  He further asserts that appellees “simply
ignored these statutory mandates.” 

Appellees
assert that Teague has presented no evidence that the retroactive application
of section 508.046 constitutes an ex post facto punishment.  They argue that the trial court did not err in
dismissing Teague’s claims because section 508.046 is not unconstitutional on
its face as held in both federal and state courts and is not unconstitutional
as applied to Teague based on his “conjectural argument.” 

Courts employ a two-prong
test to determine if a person or entity’s actions fall under 42 U.S.C. §
1983.  Retzlaff v. Tex. Dep’t of Criminal Justice, 135 S.W.3d 731, 744
(Tex. App.—Houston [1st Dist.] 2003, no pet.).  First, a court must determine whether the
conduct complained of was committed by a person acting under color of state
law.  Id.
 Second, it must determine whether
this conduct deprived a person of rights, privileges, or immunities secured by
the United States Constitution or the laws of the United States.  Id.


The United States
Constitution prohibits the enactment of ex post facto laws. U.S. Const. art. 1, § 10, cl. 1.  One purpose of the prohibition against ex post
facto laws is to “bar enactments which, by retroactive operation, increase the
punishment for a crime after its commission.”  Garner
v. Jones, 529 U.S. 244, 249, 120 S. Ct. 1362, 1367 (2000).  However, not every retroactive procedural
change creating a risk of affecting an inmate’s terms or conditions of
confinement is prohibited.  Id. at 250, 120 S. Ct. at 1368.  In order for a violation to occur there must
be “a sufficient risk of increasing the measure of punishment attached to
covered crimes.”  Id. 

The retroactive application
of parole laws has been at issue in several cases.  In Wallace,
the United States Court of Appeals for the Fifth Circuit held that “[r]ules
affecting eligibility for parole may violate the clause, but discretionary
rules affecting suitability do not.”  516
F.3d at 355.  Parole rules that have been
found to violate the Ex Post Facto Clause are those that have resulted in an
extension of the time necessary to become eligible for release.  See
Lynce v. Mathis, 519 U.S. 433, 449, 117 S. Ct. 891, 899 (1997) (holding
that law that negated early release credits resulting in defendant being
rearrested after release was unconstitutional when applied to individuals
convicted before its enactment); Weaver
v. Graham, 450 U.S. 24, 28, 101 S. Ct. 960, 964 (1981) (holding that statutory
changes to the manner in which prisoners accumulated gain-time credits is an ex
post facto punishment). 

Specifically,
the retroactive application of section 508.046 has previously been addressed by
both federal and state intermediate courts. [6]
 See
Wallace, 516 F.3d at 354; Nabalek v. Garrett, No.
14-01-00764-CV, 2003 WL 21710243, at *2 (Tex. App.—Houston [14th Dist.] July 24, 2003, pet. denied) (mem. op.).  Several
courts have found that the retroactive application of parole laws, including
section 508.046, does not constitute an ex post facto punishment.  See Garner, 529 U.S. at 253, 120 S. Ct. at
1369 (holding that changes in parole suitability proceedings do not create more
than a speculative attenuated risk of affecting a prisoner’s actual term of
confinement); Cal. Dep’t of Corrs. v.
Morales, 514 U.S. 499, 507–514, 115 S.
Ct. 1597, 1602–05 (1995) (stating that increases
in minimum number of years in which parole decisions must be reconsidered do
not violate the ex post facto prohibition where they do not modify the statutory
punishment imposed or standards for determining criteria for, or initial date,
or parole eligibility); Goodrich v.
Livingston, 294 Fed. Appx. 983, 985 (5th Cir. 2008) (holding that
retroactive application of section 508.046 does not violate the Ex Post Facto
Clause because it is discretionary rule addressing a prisoner’s ‘suitability,
not eligibility, for parole’” (quoting
Wallace, 516 F.3d at 355–56)); Wallace, 516 F.3d at 355–56 (stating that
section 508.046 addresses suitability, not eligibility, therefore the increase
in board size does not constitute an ex post facto punishment); Simpson v. Ortiz, 995 F.2d 606, 610 (5th
Cir. 1987) (holding that changes in parole commission guidelines on suitability
of parole do not violate the Ex Post Facto Clause); Nabalek, 2003 WL 21710243, at *2 (stating that “application of
section 508.046 does not alter any of the determinants of parole timing or
eligibility, but only how many board members will participate in the decision,”
and “it presents an even more speculative and attenuated possibility of
increasing punishment than the amendments upheld in Garner and Morales”).

Teague argues that his
claims are not barred under Wallace
because, unlike Wallace, Teague is not “challeng[ing] the denial of parole” on
the basis of an “increase of the number of voting members.”  Instead, he is challenging the “retroactive
application of the entire statute.”  Wallace
challenged the increase of the board size from three to eighteen members.  516 F.3d at 353.  The court noted that the language in the
amended code sections “does not alone show a significant risk of increased
confinement,” but “a court must look to the specific facts of the case, if a
claimant has presented such facts, to determine whether a new law produces a
sufficient risk of increased confinement.” 
Id. at 356.  The court denied Wallace relief because the
evidence provided was only “speculative evidence” that the rules would result
in increased punishment.  Id.  Teague claims that because Wallace did not
challenge the percentage vote required and only challenged the increase in the
size of the parole board, the reasoning is not directly applicable here.

However, like Wallace, Teague
has provided nothing more than mere conjecture and speculation regarding the
application of section 508.046 to any future parole determinations.  At the time of Teague’s conviction, the
statute provided that the board may act in panels of three.  The statute did not guarantee a parole
determination by a board of three, and Teague has provided no evidence that,
with a board of three, he would be released.  Teague must show that there is “a sufficient
risk of increasing the measure of punishment attached to covered crimes.”  See
Garner, 529 U.S. at 249, 120 S. Ct.
at 1367.  Teague’s argument that a change
in the percentage of votes required by the parole board for him to gain release
in the future is nothing more than a re-characterization of arguments regarding
the increase in board size, which have been rejected.  See Goodrich, 294 Fed. Appx. at 985; Wallace, 516 F.3d at 353; Nabalek,
2003 WL 21710243, at *2.

In sum,
Teague, like Wallace, has failed to allege any facts that would tend to show
that there is a substantial likelihood that his actual punishment will be
increased under section 508.046.  Despite
Teague’s attempts to distinguish his case from Wallace, the reasoning of Wallace
properly applies to Teague’s ex post facto complaint.  We conclude that Teague’s claims against
appellees are frivolous in that they have no arguable basis in law or in fact.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2), (b)(2). 

Accordingly, we hold that the trial
court did not err in dismissing Teague’s claims.  See
Buttles v. Navarro, 766 S.W.2d 893, 895 (Tex. App.—San Antonio 1989, no pet.) (“the appellate
court is not bound by the reason given by the trial court in support of its
judgment if the judgment is sustainable for any reason”). 

We overrule Teague’s sixth point of error.  Having overruled Teague’s sixth point of
error, we need not address his second, third, fourth and fifth points of error.


Conclusion

We affirm the order of the trial
court. 

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.











[1]           Teague represents himself on appeal.





[2]           See
42 U.S.C. § 1983.

 





[3]           See Tex.
Gov’t Code Ann. § 508.046 (Vernon Supp. 2010); see also Texas Board of
Pardons and Paroles, Board Policy 145.200, available at http://www.tdcj.state.tx.us/bpp/policies_directives/POL%20145.200%20_SB%2045.pdf.

 





[4]           This
policy is no longer in effect and has since been replaced by Texas Board of
Pardons and Parole Policy 145.200. 

 





[5]           See
Wallace v. Quarterman, 516 F.3d 351, 355 (5th Cir. 2008).





[6]
          In support of his argument,
Teague cites Wion v. Dretke,
#MO-05-CV-146 (W.D. Tex. 2007).  This is
an unpublished district court decision, it has no precedential value, and the
United States Court of Appeals for the Fifth Circuit has reversed the case on
other grounds.  See Wion v. Quarterman,
567 F.3d 146 (5th Cir. 2009).