COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
  
 IN THE MATTER OF M.M.J.M.,
 A JUVENILE,
  
                             Appellant.
  
  
  
  
  
  
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00214-CV
  
 Appeal from the
  
 65th District Court
  
 of El Paso County, Texas
  
 (TC#98,00244)
 
 




MEMORANDUM
OPINION

Appellant challenges his transfer
from incarceration for murder in the Texas Youth Commission (TYC) to the
Institutional Division of the Texas Department of Criminal Justice (TDCJ).  In his sole point of error, he alleges the
trial court abused its discretion in making an arbitrary decision without
regard to guiding principles.  We affirm.

Factual Summary








In 1999, appellant received a 40 year
determinate sentence after being adjudicated delinquent for murder.  Pursuant to Texas Family Code section 54.11,
the Texas Youth Commission requested his transfer to the Texas Department of
Criminal Justice in December of 2002.  A
transfer hearing held February 18 to 20, 2003 consisted of testimony from six
witnesses, including appellant.  The TYC=s court liaison and a psychologist
both testified appellant should transfer to the TDCJ, citing his failure to
admit responsibility for the murder and inability to complete the Capital
Offenders program at TYC.  Appellant=s own
psychologist classified him as having an average risk of failing on parole and
a 31 percent risk of re-offending.  He
also pointed to chronic emotional difficulties and a low I.Q. as hindering
appellant=s progress at TYC.  Over the course of the hearing, the trial
court made a point of questioning some of the witnesses himself.  In announcing his decision, the judge made
the following statement:

I=ve considered that a jury of 12 people of your peers
says you committed this act.  The Eighth
Court of Appeals here in El Paso affirmed that decision.  Yet I=ve got
this problem in you denying that you even committed this act.  That is very problematic to me.

 

I=ve considered your experiences, although I admittedly
knew nothing about you until we started this hearing.  I=ve seen you
sit there for two and a half days.  I
heard your testimony.  I=ve observed your interactions with your family.  I=ve
considered your abilities to contribute to society, which I do believe you have
some abilities, limited, but you have abilities to contribute.

 

Texas
Family Code even suggests that I consider what is in the best interest of
you.  I=ve done that
also.  You yourself admitted that
you benefited from being at TYC.  I=ve taken into consideration the recommendation not only
of the Texas Youth Commission, but also of your own expert witness, which was
afforded to you at the request of your attorney.  Your own expert at best suggests that you are
an average risk to re-offend.  He himself
has to assume that you=ve committed this act in order to come up with this
prediction.

 








But my
entire determination goes back to the offense, Mr. [M.].  I keep seeing the face of a young lady lying
on some autopsy table.  And I have to
respect the decision of 12 jurors.  I
have to respect the decisions of the Eighth Court of Appeals.

 

The court then ordered appellant
transferred to the TDCJ.

Standard of Review

We review a trial court=s decision to transfer a juvenile
from TYC to the TDCJ under an abuse of discretion standard.  See In re J.M.O.,
980 S.W.2d 811, 812-13 (Tex. App.--San Antonio 1998, pet. denied).  We review the entire record in considering
whether the trial court made its decision to transfer appellant in an arbitrary
manner without reference to guiding rules. 
Id. at 813.  This Court must find no abuse of discretion
if some evidence exists to support the ruling. 
In re R.G., 994 S.W.2d 309, 312 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied).  The trial court is not required to consider
all of the listed factors, and is expressly allowed to consider unlisted but
relevant factors.  In
re C.L., Jr., 874 S.W.2d 880, 886 (Tex. App.--Austin 1994, no writ).  In this case, the guiding law is Texas Family
Code section 54.11(k), which instructs trial courts on factors they should
weigh in considering the transfer of a juvenile offender from TYC to TDCJ:

In
making a determination under this section, the court may consider the
experiences and character of the person before and after commitment to the
youth commission, the nature of the penal offense that the person was found to
have committed and the manner in which the offense was committed, the abilities
of the person to contribute to society, the protection of the victim of the
offense or any member of the victim=s
family, the recommendations of the youth commission and prosecuting attorney,
the best interests of the person, and any other factor relevant to the issue to
be decided.  Tex. Fam. Code Ann. ' 54.11(k) (Vernon 2002) (Emphasis added.)








The statutory use of the word Amay@ creates
discretionary authority for the court to consider various factors in making its
determination.  See Buttles v. Navarro, 766 S.W.2d 893, 894 (Tex. App.--San
Antonio 1989, no writ).  A
permissive statute vests the trial court with authority to use its own
discretion in weighing those factors.   J.R.W. v. State, 879 S.W.2d 254, 257 (Tex. App.--Dallas 1994, no pet.).

Application of Law to Facts of This
Case

Appellant contends the trial court
abused its discretion in making its decision solely based on the offense.  Appellant makes this assertion based on the
judge=s statement,
Amy entire determination goes back to
the offense.@ 
However, reasonable minds may interpret the judge=s statement differently.  As we review the entire record in order to
determine whether the court acted without reference to any guiding rules and
principles,[1]
we do not consider a single sentence outside its context.  In order to accept appellant=s argument, this Court would have to
disregard the entire contents of the record in the case.  Even a cursory reading of the record shows
the court reviewed the evidence and formulated thoughtful questions informed by
relevant legal considerations, such as this exchange with appellant=s psychologist, who classified him as
being an average risk of failing on parole:








Court:  I=m on page eight of your report.  I guess the heading on this is on page
seven.  The clinical
interview.  I=m on page eight of the second
paragraph.  That paragraph really
caught my attention because it=s in direct relation to the statute and some of the
factors that I can consider.

 

You talk about [M]=s
ability or his premeditated nature of the act. 
Is that based on your reading of the report or is that something that he
explained to you?

 

Witness:  This section would be from our dialogue, so
something that we talked about.

 

Court:  So in
your opinion his account of the offense, it was premeditated?  

 

Witness:  That=s what his account suggests it is.

 

Court:  And you
mentioned also his ability to maintain sexual arousal during a violent
act.  Why is that significant?

 

Witness:  Well,
again you=re looking at an individual who when he is discussing
the incident with me is describing a rape scenario.  So somebody that can kind of maintain sexual
arousal-- most people don=t equate violence with sexuality, especially when it
terminates in a death.  So, the ability
to kind of maintain sexual arousal within that violent act would seem to be
notable.  

 

Court:  His
outward facade is incongruent with internalized hostility and anger.  What is that in layman=s terms?

 

Witness:  That
would be when he is talking about up there, the second sentence of that same
paragraph. [M] indicated that [the victim] was unaware
of his hostility towards her.

So, in other words, here is somebody that he has a
relationship with, but he is pretty angry because of these rumors that she=s been spreading around.  Yet she comes and picks him up.  They sneak out and go out.  She has no idea that he is angry with her to
the point of wanting to harm her.








So kind of that ability to not be genuine with your
emotions, to be that controlled of your emotions so that somebody close to you wouldn=t realize what you were experiencing.

 

Court:  You
talked about his limited ability to assess his own level of risk for future
criminal activity and that he appeared naive with regard to his future
plans.  Can you expound on that a little
bit?

 

Witness: 
Sure.  When we look at a student=s ability to talk about kind of their own risk
factors, that=s something that they would learn in treatment,
something that what type of risk factors do you have?  How are you going to compensate for those
risk factors?  What kind of scenarios
might not be good scenarios for you to become involved in?  What types of individuals should you not hang
around?

 

These questions by the judge portray
a weighing of legally relevant factors, including the nature of the offense and
the probability of appellant repeating his offense.  These factors are expressly allowed by Texas
Family Code section 54.11(k).  Tex. Fam. Code Ann. ' 54.11(k) (Vernon 2002).

The trial court listened to two days
of testimony before making its decision. 
Despite the court=s statement about his Aentire determination,@ the record reflects the court=s consideration of numerous legally
relevant factors in the non-exclusive list provided by section 54.11(k).  There is adequate evidence in the record to
support the ruling.  Therefore, we find
the trial court did not abuse its discretion in making its decision to transfer
appellant, and we overrule his sole point of error.








Conclusion

Having overruled appellant=s sole point of error, we affirm the
decision of the trial court.

SUSAN
LARSEN, Justice

 

January 29, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 











[1]K.L.M. v. State, 881 S.W.2d 80, 84 (Tex. App.--Dallas 1994, no pet.).