ACCEPTED
15-24-00075-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/19/2025 3:06 PM
CHRISTOPHER A. PRINE
CLERK

**CAUSE NO. 15-24-00075-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/19/2025 3:06:36 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT
OF AUSTIN, TEXAS

_____

SIGNAD, LTD.,

Appellant,

V.

TEXAS DEPARTMENT OF TRANSPORTATION
Appellee.

_____

On Appeal from the 126th Judicial District Court of Travis County, Texas; Cause No.
D-1-GN-21-004113; the Honorable
Aurora Martinez Jones, Presiding

_____

**APPELLANT SIGNAD, LTD.'S MOTION FOR REHEARING**

_____

Christopher W. Rothfelder
State Bar No. 24084740
crothfelder@rothfelderfalick.com
Richard L. Rothfelder
Texas Bar No. 17318100
rrothfelder@rothfelderfalick.com
1517 Heights Blvd.
Houston TX 77008
Telephone: 713-220-2288
Facsimile: 713-658-8211
**ATTORNEYS FOR APPELLANT,
SIGNAD, LTD.**

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ........................................................................... i

INDEX OF AUTHORITIES .................................................................... ii

ARGUMENTS AND AUTHORITIES .................................................... 2

     I.     The Court of Appeals failed to correctly apply the de novo standard of review ....................................................................... 2

PRAYER ................................................................................................... 9

CERTIFICATE OF SERVICE ................................................................ 10

CERTIFICATE OF COMPLIANCE ....................................................... 10

APPENDIX

Opinion – *SignAd, Ltd. v. Texas Dep't of Transportation*, No. 15-24-00075-CV, 2025 WL 2957101 (Tex. App.—15th Dist. Oct. 21, 2025, no pet. h.) (mem. op.).

## INDEX OF AUTHORITIES

**CASES**                                                                                   **PAGE(S)**

*Buttles v. Navarro*,
766 S.W.2d 893 (Tex. App.—San Antonio 1989, no writ) ................................ 6

*Hegar v. Health Care Serv. Corp.*,
652 S.W.3d 39 (Tex. 2022) ................................................................ 7, 9

*In re Aguilar*,
344 S.W.3d 41 (Tex. App.—El Paso 2011, orig. proceeding) ........................... 6

*Int. of J.R.*,
652 S.W.3d 508 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) ........... 5

*Patients Med. Ctr. v. Facility Ins. Corp.*,
623 S.W.3d 336 (Tex. 2021) ............................................................... 5

*Ramsay v. Texas Trading Co., Inc.*,
254 S.W.3d 620 (Tex. App.—Texarkana 2008, pet. denied) ........................... 6

*SignAd, Ltd. v. Texas Dep't of Transportation*,
No. 15-24-00075-CV,
2025 WL 2957101 (Tex. App.—15th Dist. Oct. 21, 2025, no pet. h.)
(mem. op.) (App.) ....................................................... 1, 2, 3, 4, 5, 6

*TIC Energy & Chem., Inc. v. Martin*,
498 S.W.3d 68 (Tex. 2016) ................................................................ 5

**REGULATIONS**

43 Tex. Admin. Code § 21.174 (2018), *repealed* 49 Tex. Reg. 6256, 6256
(2024) ........................................................................................ 3, 4

43 Tex. Admin. Code § 21.184 (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024) .... 8

43 Tex. Admin. Code § 21.191 (2018), *repealed* 49 Tex. Reg. 6256, 6256
(2024) ................................................................................... 2, 3, 4, 5

43 Tex. Admin. Code § 21.192 (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024) ..............................................................................................2, 4, 5, 6, 7, 8

43 Tex. Admin. Code § 21.197 (2024)............................................................. 7

43 Tex. Admin. Code § 21.198 (2024)............................................................. 8

43 Tex. Admin. Code § 21.200 (2024)............................................................. 7

RULES

Tex. R. App. P. 9.4 ........................................................................................ 10

MISCELLANEOUS

49 Tex. Reg. 6256 ...................................................................................3, 4, 5, 7

**CAUSE NO. 15-24-00075-CV**

IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT
OF AUSTIN, TEXAS

SIGNAD, LTD.,
Appellant,
V.

TEXAS DEPARTMENT OF TRANSPORTATION
Appellee.

On Appeal from the 126th Judicial District Court of Travis County, Texas; Cause No.
D-1-GN-21-004113; the Honorable
Aurora Martinez Jones, Presiding

**APPELLANT SIGNAD, LTD.'S MOTION FOR REHEARING**

To the Honorable Court of Appeals:

Appellant, SignAd, Ltd. ("SignAd"), submits this motion for rehearing in response to this Court's opinion in *SignAd, Ltd. v. Texas Dep't of Transportation*, No. 15-24-00075-CV, 2025 WL 2957101 (Tex. App.—15th Dist. Oct. 21, 2025, no pet. h.) (mem. op.) (App.), and requests the Court consider the following issues and grant this motion for rehearing.

1

## ARGUMENTS AND AUTHORITIES

**I.     The Court of Appeals failed to correctly apply the de novo standard of review.**

As this Court recognized, SignAd argued in its first issue on appeal "that the trial court applied the wrong standard of review, substantial evidence review, when it should have applied de novo review." *SignAd, Ltd*., 2025 WL 2957101, at \*3. Although Appellee, the Texas Department of Transportation ("TxDOT" and/or the "Department"), argued that the substantial evidence review applied, this Court agreed that the "de novo review is proper here where the material facts are not disputed . . .." *Id*.

This Court then recognized that it "reviews the Department's regulations de novo regardless of what standard of review the trial court applied." *Id*. However, and respectfully, this Court erred in its application of the de novo standard of review and corresponding interpretation of the Department's regulations. As such, SignAd requests that the Court grant this motion for rehearing and issue a new opinion.

Because SignAd adjusted the Sign as a result of a Department highway widening project, the Department regulations at issue are 43 Tex. Admin. Code § 21.191(c)

(2018), *repealed by* 49 Tex. Reg. 6256, 6256 (2024), and 43 Tex. Admin. Code § 21.192(d) (2018), *repealed by* 49 Tex. Reg. 6256, 6256 (2024).[1]

Section 21.191(c) listed eight examples of "substantial changes." 43 Tex. Admin. Code § 21.191 (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024). According to 43 Tex. Admin. Code § 21.174(d) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024), "An amended permit will not be issued for a substantial change as described by § 21.191(c) of this subchapter to a nonconforming sign." The dispute between the parties is whether the alterations SignAd made to the Sign constituted "substantial changes," thereby requiring an amended permit. They did not.

One of the "substantial changes" listed in Section 21.191(c), was "moving the sign structure or sign face in any way ***unless the movement is made in accordance with Section 21.192 of this subchapter (relating to Permit for Relocation of Sign)***." 43 Tex. Admin. Code § 21.191(c)(8) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024) (emphasis added). In other words, moving a sign structure or face in any way would have ordinarily constituted a substantial change requiring an amended permit, unless such movement was done in accordance with Section 21.192.

The relevant language of Section 21.192 was the following:

> Notwithstanding other provisions of this section, if only a part of a sign will be located within the highway right of way as a result of the

---

[1] This Court recognized that Department regulations were amended following the commencement of this litigation, and as such, the regulations as they existed between March 14, 2018, and August 31, 2024, are applicable. *SignAd, Ltd.*, 2025 WL 2957101, at *1, n.1.

construction project, the sign owner may apply to amend the existing permit for the sign to authorize . . . **the relocation of the poles and the sign face of a multipole sign structure that is located in the proposed right of way from the proposed right of way and the required five-foot setback to the land on which the other poles of the sign structure are located**.

43 Tex. Admin. Code § 21.192(d)(2) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024).

SignAd performed the scope of work described in Section 21.192(d)(2)— SignAd relocated the poles on the (multipole) Sign in order to avoid the expanded, proposed right of way and create a five-foot setback. *SignAd, Ltd*., 2025 WL 2957101, at *2. Ordinarily, such a change to the Sign would qualify as "moving the sign structure or sign face in any way," thereby requiring an amended permit. 43 Tex. Admin. Code § 21.191(c)(8) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024). However, because "the movement [was] made in accordance with Section 21.192," it did not constitute a substantial change, 43 Tex. Admin. Code § 21.191(c)(8) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024), and therefore did not require an amended permit. 43 Tex. Admin. Code § 21.174(d) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024).

This Court disagreed, and instead held, "Assuming without deciding that SignAd's adjustments fall under Section 21.192(d)(2) and (3), SignAd was still required to hold an amended permit to make the adjustments." *SignAd, Ltd*., 2025 WL 2957101, at *4. The Court reasoned that "Section 21.192(d) states that the permit holder 'may apply to amend the existing permit for the sign to authorize' the listed

4

adjustments." *Id.*[2]

The Court's interpretation of Section 21.192 would erroneously render the carve out language of Section 21.191(c)(8) meaningless. In construing a statute, the courts of appeals "do not consider the statute's words and phrases in isolation; rather, 'we consider the statute as a whole, giving effect to each provision so that none is rendered meaningless or mere surplusage.'" *Int. of J.R.*, 652 S.W.3d 508, 513 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (quoting *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016)); *see Patients Med. Ctr. v. Facility Ins. Corp.*, 623 S.W.3d 336, 341 (Tex. 2021) ("We interpret administrative rules using the same principles we apply when construing statutes."). If the Transportation Commission (the body responsible for drafting the Department's regulations) intended for those moving signs as a result of a Department roadway project to obtain amended permits, then it would not have included the following exception in the text of Section 21.191(c)(8): "***unless the movement is made in accordance with Section 21.192 of this subchapter (relating to Permit for Relocation of Sign)***." 43 Tex. Admin. Code § 21.191(c)(8) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024).

This Court reasoned that "SignAd was still required to hold an amended permit

---

[2] This Court stated, "SignAd does not dispute that it was required to hold an amended permit before making any adjustments." *SignAd, Ltd.*, 2025 WL 2957101, at *4. For the sake of clarity, SignAd's position is that it was not required to hold an amended permit before making any adjustments to the Sign.

5

to make the adjustments," because "Section 21.192(d) states that the permit holder 'may apply to amend the existing permit for the sign to authorize' the listed adjustments." *SignAd, Ltd.*, 2025 WL 2957101, at *4. But the inclusion of the word "may" in Section 21.192(d) does not mean that a sign owner *must* obtain an amended permit prior to carrying out the scope of work encompassed in any of the three options listed in Section 21.192(d)(1)–(3). The use of the word "may" indicates that the Commission intended to give sign owners the option of whether to reconfigure signs impacted by highway widening projects, including through relocation to another part of the State or a simple adjustment on the remainder of partially acquired property.

"[T]he word 'may' is generally construed as permissive, but can be interpreted as mandatory depending on the context in which it is used." *In re Aguilar*, 344 S.W.3d 41, 50 (Tex. App.—El Paso 2011, orig. proceeding) (citing *Ramsay v. Texas Trading Co., Inc.*, 254 S.W.3d 620, 631 (Tex. App.—Texarkana 2008, pet. denied); *Buttles v. Navarro*, 766 S.W.2d 893, 894 (Tex. App.—San Antonio 1989, no writ) (construing a statute).

Here, the use of the word "may" in Section 21.192(d), when placed into context with the other provisions of TxDOT's regulations, indicates that the Commission intended the word to be used in a permissive rather than mandatory context. For example, Section 21.192 expressly states that a new permit "must" be obtained to relocate a sign displaced due to condemnation, 43 Tex. Admin. Code § 21.192(b) & (c) (2018),

6

*repealed* 49 Tex. Reg. 6256, 6256 (2024), but with respect to a mere adjustment of a sign away from TxDOT's expanded right of way, the Regulations state only that the "the sign owner *may* apply to amend the existing permit for the sign to authorize" the limited scope of work. 43 Tex. Admin. Code § 21.192(d) (2018), *repealed* 49 Tex. Reg. 6256, 6256 (2024) (emphasis added).

Additionally, to the extent of any ambiguity in the regulatory language, Section 21.192 should be construed in favor of SignAd, not the enforcing agency. *See Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022) ("If the language of the statute proves ambiguous, however, we apply the presumption in favor of the taxpayer.").

This interpretation of Sections 21.191 and 21.192 is further supported by recent amendments to the Department's regulations. In 2024, the Transportation Commission made widespread changes to the Department's regulations, including the complete elimination of Section 21.192 and a significant overhaul of the provisions applicable to "substantial changes." 49 Tex. Reg. 6256, 6256 (2024). The Department also acknowledged it "made substantive revisions to address . . . the relocation of acquired sign structures." *Id*.

The Department's regulations applicable to relocation of signs displaced due to condemnation are now codified as Sections 21.197 through 21.200. 43 Tex. Admin. Code §§ 21.197–.200 (2024). Entirely absent from those Sections are the provisions

7

once located in Section 21.192(d), which permitted the relocation of signs "if only a part of a sign will be located within the highway right of way as a result of the construction project . . .." The new Regulations also now clarify the timing during which a sign owner may relocate a displaced sign: "A sign is eligible for a credit only if the structure has remained in its present location from the time the owner received notice of eminent domain proceedings until the above-ground portion of the structure is removed entirely from the property pursuant to the Notice to Vacate or earlier upon written approval by the department." 43 Tex. Admin. Code § 21.198(b) (2024).

The Commission also revamped Section 21.191, which is now recodified as 43 Tex. Admin. Code § 21.184 (2024). That Section now lists seven activities that constitute "routine maintenance," and do not require an amended permit. 43 Tex. Admin. Code § 21.184(a) (2024). Rather than identify the activities that constitute "substantial changes" requiring an amended permit before being performed on a non-conforming sign, the new Section 21.184(c) simply provides, "An activity that is not described by subsection (a) or (b) of this section is a substantial change that may be made only if the sign is a conforming sign, and the license holder obtains an amended permit before the initiation of the activity." 43 Tex. Admin. Code § 21.184(c) (2024).

Whereas the previous version of TxDOT's Regulations made clear distinctions between permissive and mandatory permitting requirements, the recent revisions were clearly designed to eliminate what TxDOT perceived as potential ambiguities. And,

8

once again, to the extent of any such ambiguity, the Regulations should be construed in favor of SignAd. *See Hegar*, 652 S.W.3d at 43.

**PRAYER**

For the reasons stated, Appellant, SignAd, Ltd., respectfully asks this Court to grant this motion for rehearing and issue a new opinion that reverses the trial court's Final Judgment, reverses the Order of the Transportation Commission, orders the re-instatement of Commercial Sign Permit No. PMT-HBA-13236, and remands for a determination of SignAd's attorney's fees.

Respectfully submitted,

**ROTHFELDER & FALICK, L.L.P.**

*/s/ Christopher W. Rothfelder*
Christopher W. Rothfelder
Texas Bar No. 24084740
crothfelder@rothfelderfalick.com
Richard L. Rothfelder
Texas Bar No. 173318100
rrothfelder@rothfelderfalick.com
Rothfelder & Falick, L.L.P.
1517 Heights Blvd.
Houston TX 77008
Telephone: (713) 220-2288
Facsimile: (713) 658-8211
**ATTORNEYS FOR APPELLANT,
SIGNAD, LTD.**

## CERTIFICATE OF COMPLIANCE

I certify that the number of words in Appellant SignAd, Ltd.'s Motion for Re-hearing is 1,898 words, not including those in the sections excluded under Tex. R. App. P. 9.4(i)(2)(D).

*/s/ Christopher W. Rothfelder*
Christopher W. Rothfelder

## CERTIFICATE OF SERVICE

I certify that on November 19, 2025, I served a true and correct copy of this document via electronic delivery and/or certified mail, upon the counsel or parties listed below.

Joshua Longi
Assistant Attorney General
Texas Department of Transportation
P.O. Box 12548
Austin, TX 78711-2548

*/s/ Christopher. Rothfelder*
Christopher W. Rothfelder

# APPENDIX A



In The

# Fifteenth Court of Appeals

### NO. 15-24-00075-CV

**SIGNAD, LTD., Appellant**

**V.**

**TEXAS DEPARTMENT OF TRANSPORTATION, Appellee**

**On Appeal from the 419th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-21-004113**

## MEMORANDUM OPINION

Appellee the Texas Department of Transportation (the "Department") issued an order revoking appellant SignAd, Ltd.'s commercial sign permit. SignAd filed a suit for judicial review contesting the order in the trial court, which issued a judgment affirming the Department's order. SignAd then appealed to this Court. Because we conclude that the Department was authorized to revoke SignAd's permit, we affirm the trial court's judgment.

BACKGROUND

The Department regulates the display of commercial signs throughout the State of Texas pursuant to chapter 391 of the Texas Transportation Code—the Texas Highway Beautification Act (the "Act")—and the regulations promulgated pursuant to the Act—Title 43, Chapter 21 of the Texas Administrative Code.[1] SignAd purchased a sign located adjacent to Interstate 10 in Sealy, Texas during the 1970s (the "Sign"). The Department issued a permit to SignAd for the Sign in 1996. In 2009, the Department sent SignAd a notice of cancellation for its Sign permit, alleging that the Sign's location within a railroad right of way violated the Department's regulations. SignAd contested the cancellation by appealing it within the Department. The Department filed an administrative action before the State Office of Administrative Hearings ("SOAH") to affirm its cancellation. SignAd argued that the Department's regulations grandfathered signs—called "nonconforming" signs—erected prior to 1986 from the right of way regulation at issue.

The parties settled the dispute in 2011. The Settlement Agreement (the "Agreement") reinstated SignAd's permit to operate the Sign, required SignAd to make some adjustments to the Sign, required the parties to file an agreed motion to dismiss with prejudice the SOAH action, and included a mutual release of liability for any claims related to the SOAH action.

Years later in 2017, the Department notified SignAd through a letter that it intended to expand the overpass bridge next to the Sign and that it had determined

---

[1] The regulations at issue have been amended, effective September 1, 2024, since the commencement of this litigation. 49 Tex. Reg. 6256, 6256 (2024). All references to the Administrative Code in this opinion refer to sections as they existed between March 14, 2018 and August 31, 2024. 43 Tex. Reg. 1446, 1446, 1470 (2018), *repealed in part and amended in part by* 49 Tex. Reg. 6256, 6256, 6261 (2024).

the expanded bridge would bisect the Sign by approximately two feet. The letter offered to acquire the Sign for a sum of money and provide SignAd with the opportunity to apply for a relocation permit under certain conditions. SignAd rejected the Department's offer and countered with a request that it be issued an amended permit allowing it "to adjust the Sign outside of the State's proposed right of way and five-foot setback zone" and that it be paid a smaller sum of money to make these adjustments.

In 2018, SignAd submitted an amended permit application to the Department requesting permission to move the Sign's faces. The Department denied the application, which SignAd appealed to the Department's executive director. The deputy executive director affirmed the denial of SignAd's permit application. The parties agree that this denial is not subject to judicial review.

Notwithstanding this denial, SignAd in the same year went ahead and adjusted the Sign, reconstructing it by removing one of the support poles and moving the Sign face. SignAd contends this adjustment removed the encroachment into the State's proposed right of way. After finding out that these changes were made, the Department, in 2019, cancelled the permit for the Sign, asserting SignAd's adjustments were unlawful because they constituted substantial changes to the Sign, which cannot be made without first securing a permit. SignAd requested an administrative hearing on the cancellation, which was held before SOAH. The Administrative Law Judge (ALJ) recommended the permit be cancelled and no administrative penalties be imposed. The Department issued an order adopting the ALJ's proposal.

After SignAd filed a motion for rehearing, which was overruled by operation of law, SignAd filed a petition for judicial review in the Travis County district court arguing that the Department's decision to cancel the Sign permit violated the law

and was not supported by substantial evidence. SignAd argued it was entitled to adjust the Sign pursuant to the Agreement and Department regulations because these adjustments were not substantial changes. SignAd also argued the Department breached the Agreement by failing to honor the Sign permit. Lastly, SignAd argued it was entitled to attorneys' fees based on the Department's breach of the Agreement. After holding a hearing, the trial court entered a final judgment affirming that the Department's order is supported by substantial evidence and denying SignAd's request for attorneys' fees. SignAd thereafter filed this appeal, which requests that we (1) reverse the trial court's judgment; (2) reverse the Department's permit revocation order; (3) reinstate the Sign permit; (4) remand the case back to the trial court to determine the attorney's fees SignAd is entitled to; and (5) award all such other relief SignAd is entitled to.

## STANDARD OF REVIEW

This appeal concerns a suit for judicial review of the Department's order revoking the Sign permit. Tex. Transp. Code § 391.066(b) (allowing judicial review of permit revocations). The Texas Highway Beautification Act does not set out the scope of review for such revocations, so we review the Department's order pursuant to the Administrative Procedure Act (the "APA"). Tex. Gov't Code § 2001.174 (applicable when "the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review"). Under the APA, we reverse the Department's decision only if SignAd's substantial rights have been prejudiced because the order was:

(A) in violation of a constitutional or statutory provision;
(B) in excess of the agency's statutory authority;
(C) made through unlawful procedure;
(D) affected by other error of law;

4

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.* § 2001.174(2). The parties do not dispute the underlying facts at issue in this matter. Rather, they dispute the Department's interpretation and application of its permitting regulations.

We review the interpretation of administrative rules de novo, "using the same principles that [courts] apply when construing statutes." *Hyde v. Harrison Cnty.*, 710 S.W.3d 403, 408 (Tex. App.—15th Dist. 2025, no pet.). "[O]ur goal in construing the regulation is to ascertain and give effect to the drafter's intent, looking first to the plain and common meaning of the text." *Id.*; *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Terms that are not defined "are typically given their ordinary meaning, unless a different or more precise definition is apparent from the term's use in the context of the statute." *Hyde*, 710 S.W.3d at 408. Undefined terms with multiple common meanings are "not necessarily ambiguous; rather, we will apply the definition most consistent with the context of the regulatory scheme." *Id.* (citing *Thompson v. Tex. Dep't of Licensing & Regul.*, 455 S.W.3d 569, 571 (Tex. 2014)).

## ANALYSIS

SignAd challenges the trial court's judgment upholding the Department's revocation of the Sign permit, arguing that the trial court applied the wrong standard of review and that failure to apply the correct standard warrants reversal. SignAd also contends it was entitled to adjust the Sign both pursuant to the Department's administrative rules and under the 2011 Settlement Agreement. SignAd further asserts that it is entitled to attorneys' fees because the Agreement states the prevailing party in a dispute arising out of the Agreement is entitled to said fees

5

"incurred in each and every such proceeding, including any and all appeals or petitions therefrom."

The Department responds that the trial court applied the correct standard of review and that neither the Department's administrative rules nor the Agreement allowed SignAd to make the adjustments at issue to the Sign. Consequently, SignAd is not entitled to attorneys' fees under the Agreement because it is not a prevailing party. We address these issues in turn.

## I.     The Proper Standard of Review

For its first issue, SignAd argues that the trial court applied the wrong standard of review, substantial evidence review, when it should have applied de novo review. SignAd points to the trial court's judgment, which states "the Court concludes that the Texas Transportation Commission's Order is supported by substantial evidence and is AFFIRMED." SignAd requests that we reverse and render the trial court on this basis. The Department responds that substantial evidence review applies.

As discussed above, we agree that de novo review is proper here where the material facts are not disputed, but SignAd incorrectly argues that the trial court did not conduct de novo review and that reversal is required. SignAd has cited to no law requiring the trial court to include the words "de novo" in its judgment and that a failure to do so means automatic reversal. Further, courts have at times used the phrase "substantial evidence review" to refer to both the review of the evidence and the review of the law under Section 2001.174 of the Texas Government Code. *See Jenkins v. Crosby Indep. Sch. Dist.*, 537 S.W.3d 142, 149–50 (Tex. App.—Austin 2017, no pet.) (stating under substantial evidence review that "the extent to which the underlying facts found by the agency logically support its ultimate decision or action, may entail questions of law that we review de novo."); *Tex. Dep't of Pub. Safety v. Hutcheson*, 235 S.W.3d 312, 314 (Tex. App.—Corpus Christi–Edinburg

6

2007, pet. denied) ("For purposes of substantial evidence review, a question of statutory interpretation is a question of law and is not entitled to a presumption of validity."). This Court has also referred to review of an administrative rule as "substantial evidence review" in a recent case, stating "[i]n this case, our substantial-evidence review requires us to interpret Rule 334.50(b)(2). This presents a question of law, which we address de novo." *Hyde*, 710 S.W.3d at 408. And this Court reviews the Department's regulations de novo regardless of what standard of review the trial court applied. *See id.* at 408–10.

We overrule SignAd's first issue.

## II. Department Regulations Did Not Authorize SignAd to Adjust the Sign.

For its second issue, SignAd argues it was authorized to adjust the Sign under the Department's regulations because the adjustments were not prohibited substantial changes, and it was in fact entitled to amend its permit to make those changes under Section 21.192 of Title 43 of the Texas Administrative Code.

The Department responds that two of the changes SignAd made—removing a pole and moving the Sign—were prohibited substantial changes that required the Department to revoke the Sign permit. The Department further responds that even if allowed to adjust the Sign under Section 21.192, SignAd nevertheless was required to acquire a permit to do so. The Department denied such a permit, a decision not subject to judicial review, but SignAd made the adjustments anyway. We hold that SignAd violated Department regulations when it made its adjustments because it did so without an amended permit.

The Texas Highway Beautification Act states the Department "may revoke or suspend a license issued under this subchapter . . . if the license holder violates this chapter or a rule adopted under this chapter" and that the Department's decision to

7

revoke or suspend a license is subject to judicial review. Tex. Transp. Code § 391.066. Relevant here, Rule 21.174(d) states that "[a]n amended permit will not be issued for a substantial change as described by § 21.191(c) of this subchapter to a nonconforming sign." 43 Tex. Admin. Code § 21.174(d) (2018), *repealed by* 49 Tex. Reg. 6256, 6256 (2024).

Section 21.191(c) lists "examples of substantial changes that may be made but require an amended permit before the initiation of such an activity" and include "changing the number of poles in the sign structure" as well as "moving the sign structure or sign face in any way unless the movement is made in accordance with § 21.192 of this subchapter (relating to Permit for Relocation of Sign)." *Id.* § 21.191(c) (2018), *repealed by* 49 Tex. Reg. 6256, 6256 (2024). SignAd argues that its adjustments fall under Section 21.192 and so do not constitute substantial changes. Specifically, it points to Section 21.192(d)(2) and (3):

> (d) Notwithstanding other provisions of this section, if only a part of a sign will be located within the highway right of way as a result of the construction project, the sign owner may apply to amend the existing permit for the sign to authorize:
>
> . . .
>
> (2) the relocation of the poles and sign face of a multiple sign structure that is located in the proposed right of way from the proposed right of way and the required five-foot setback to the land on which the other poles of the sign structure are located; or
>
> (3) a reduction in the size of a sign structure that is located partially in the proposed right of way and the required five-foot setback so that the sign structure and sign face are removed from the proposed right of way and the required five-foot setback.

*Id.* § 21.192(d) (2018), *repealed by* 49 Tex. Reg. 6256, 6256 (2024).

Assuming without deciding that SignAd's adjustments fall under Section 21.192(d)(2) and (3), SignAd was still required to hold an amended permit to make

the adjustments. After all, Section 21.192(d) states that the permit holder "may apply to amend the existing permit for the sign to authorize" the listed adjustments. The Act permits the Department to "revoke or suspend a license issued under this subchapter . . . if the license holder violates this chapter or a rule adopted under this chapter." Tex. Transp. Code § 391.066. SignAd does not dispute that it was required to hold an amended permit before making any adjustments. SignAd does not dispute that it made the adjustments without an amended permit. Indeed, SignAd acknowledges that it applied for an amended permit beforehand to make these changes but that the Department denied the application. SignAd thus violated Section 21.192(d) because it did not hold an amended permit before it made its adjustments. Due to this violation, the Department was authorized to revoke the Sign permit. *Id.*

SignAd nevertheless argues that the Department *should have granted* its amended permit application. But the basis for judicial review of this suit is the Department's decision to revoke the Sign permit, not the denial of SignAd's application. *Id.* As both parties acknowledge, the Department's decision to deny the amended permit is not subject to judicial review. *See KEM Tex., Ltd. v. Tex. Dep't of Transp.*, No. 03-08-00468-CV, 2009 WL 1811102, at *5 (Tex. App.—Austin June 26, 2009, no pet.) (mem. op.) ("[T]he legislature did not provide parties seeking outdoor advertising permits a right to judicial review of these determinations or of TxDOT's ultimate final order denying such permits."). Accordingly, we hold the Department's administrative rules did not authorize SignAd to make the adjustments at issue and that the Department was within its authority to revoke the Sign permit on that basis.[2]

---

[2] Because SignAd's adjustments without an amended permit were sufficient grounds for revocation and because the Department's decision to deny SignAd's amended permit application

We overrule SignAd's second issue.

### III.    The 2011 Settlement Agreement Does Not Apply to This Suit.

For its third issue, SignAd argues the terms of the 2011 Settlement Agreement prohibit the Department from using the Sign's location in the railroad right of way as a basis to deny SignAd's amended permit application or to revoke the Sign permit. The Department responds that the Agreement has not been violated because it is inapplicable here. The Department argues that the Agreement is not relevant as to SignAd's violation of the rules by making adjustments without an amended permit. We agree with the Department.

As discussed above, the parties entered into the Agreement in 2011 to settle a dispute that arose when the Department cancelled the Sign permit due to its position in a railroad right of way. The dispute had reached SOAH when the Agreement was entered. In exchange for SignAd making some changes to the Sign, the Department agreed to "reinstate and honor [the Sign permit] as the current operating permit for the Sign . . . ." The parties also agreed to a mutual release of liability:

> In consideration of the above agreements, the Parties, for themselves, and all who may now or in the future claim, by, through, or under them, hereby fully and finally release, acquit and forever discharge each other, their attorneys, agents, employees, employers, representatives, insureds, insurers, heirs, executors, administrators, predecessors, successors, assigns, affiliates, subsidiaries, parent companies and all other persons, firms, companies or corporations who might in any way be claimed to be legally responsible or liable, directly or indirectly, to each other in any manner related to the SOAH Action.

SignAd contends that the Department's denial of its permit application and later revocation of the Sign permit are based on the Sign's location in the railroad right of

---

is not subject to judicial review, we need not and do not address the parties' arguments regarding whether the Department properly denied SignAd's amended permit application.

way and so are related to the SOAH Action. The Department's actions consequently violate the mutual release. In support of its position, SignAd cites the Department's letter denying SignAd's amended permit application, which states the application is being denied because of the Sign's location within the railroad right of way.

SignAd's arguments do not succeed for two reasons. First, although the initial denial was putatively based on the Sign's location in the right of way, this justification was not the Department's final word. After SignAd appealed the denial, the Department deputy executive director affirmed the Department's decision but provided a different basis for denial:

> These provisions [in the Agreement] make it clear that regardless of the right-of-way issues brought up in the Notice of Denial, the sign in question is a legally permitted, nonconforming sign. As a result, GCD contacted you via email to provide your client notice that *the actual reason for denial is that an amended permit will not be issued for a substantial change to a nonconforming sign as described by § 21.191(c)*.

(emphasis added). This later decision, the parties agree, was final and not subject to judicial review. *See* 43 Tex. Admin. Code § 21.170(d) (2018), *repealed by* 49 Tex. Reg. 6256, 6256 (2024); *KEM*, 2009 WL 1811102, at *5. The prohibition on allowing substantial changes to nonconforming signs is a basis for denial that is not related to the position of the Sign within a railroad right of way. As such, the mutual release of liability does not apply here.[3]

Second, the Department's decision to revoke the Sign permit was not related to the Sign's location in the railroad right of way. Rather, it was based on the fact that SignAd made adjustments to the Sign without a required amended permit.

---

[3] SignAd disputes that its adjustments to the Sign constitute "substantial changes," but the Act and the associated regulations do not allow SignAd to appeal whether the Department properly denied its amended permit application. *See supra* Part II.

11

SignAd's adjustments occurred in 2018, several years after the Agreement was entered in 2011. Because SignAd's amended permit application was denied and its Sign permit cancelled for reasons other than the Sign's location near a railroad right of way, we hold that the Agreement is inapplicable to this dispute.

We overrule SignAd's third issue.

## IV. SignAd is not Entitled to Recover Its Attorneys' Fees.

Lastly, for its fourth issue, SignAd argues that it is entitled to attorneys' fees under the Agreement because it is a prevailing party to this dispute. The Department responds that SignAd is not entitled to attorneys' fees because the Agreement is inapplicable. We agree with the Department. Because, as established in Part III, the Agreement is inapplicable to this dispute, SignAd is not entitled to attorneys' fees under the Agreement.[4]

We overrule SignAd's fourth issue.

### CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[4] As these holdings dispose of the issues of whether the Department breached the Agreement and whether SignAd is entitled to attorneys' fees under the Agreement, we need not reach the Department's argument that SignAd failed to preserve those issues for appeal.

12

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Roch on behalf of Christopher Rothfelder
Bar No. 24084740
maryaroch@yahoo.com
Envelope ID: 108243319
Filing Code Description: Motion for Rehearing
Filing Description: Appellant SignAd, Ltd.'s Motion for Rehearing
Status as of 11/19/2025 3:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher W.Rothfelder | | crothfelder@rothfelderfalick.com | 11/19/2025 3:06:36 PM | SENT |
| Richard L.Rothfelder | | rrothfelder@rothfelderfalick.com | 11/19/2025 3:06:36 PM | SENT |
| Joshua Longi | 24095228 | joshua.longi@oag.texas.gov | 11/19/2025 3:06:36 PM | SENT |
| Ally Wickliffe | | ally.wickliffe@oag.texas.gov | 11/19/2025 3:06:36 PM | SENT |
| Danielle Blut | | dblut@rothfelderfalick.com | 11/19/2025 3:06:36 PM | SENT |